KILFOIL, MAYOR OF CITY OF VINCENNES ET AL. *v.* JOHNSON, ETC.

[No. 19,932. Filed June 25, 1963.]

*Kimmel, Kimmel & Funk,* of Vincennes, for appellants.

*Wilbur F. Dassel,* of Evansville, *James J. Lewis* and *Lewis & Lewis,* of Vincennes, for appellees.

COOPER, J.—This appeal comes to us from the Knox Circuit Court wherein the appellee, Frank Johnson, and others similarly situated, by a class action, recovered judgments against the City of Vincennes under Chapter 129, Acts of 1905. It appears from the record that the cause of action below was for a declaratory

judgment and for the recovery of money by the appellee and others in three paragraphs requesting that certain sections of the aforesaid Act be construed. The cause was put at issue by the appellants' appropriate answer of admissions, denials and stipulations. At the conclusion of the evidence for the appellees (the appellants submitting no evidence), the trial court entered the following findings and judgments:

"Come now the plaintiffs herein in person and by and through their attorney, James J. Lewis, and come now the defendants by and through their attorney, Curtis V. Kimmell, and the Court having had this cause and matter under advisement and being duly and sufficiently advised in the premises, finds for the plaintiffs that the allegations in their amended complaint are true and that the prayer thereof should be granted.

"The Court further finds that the plaintiff, Frank Johnson, and all others similarly situated, namely:—Leroy Tade, W. C. Pangle, George Evans, Albert Sinnett, Grover Wolfe, Goldie Marter, Forrest Warner, Willmore Hartmen, Charles Ketzorke, and Samuel Hite, were active members of the Fire Department of the City of Vincennes, and were thereafter and are now on retirement, drawing pension, as hereinafter set forth, and the following named:—Nora Woodall, Chestina Wilcher, Salina Hughes, Mrs. Charles Bell, Mrs. William Woods, Margaret LaCoste, and Pearl Jansen, are widows of deceased firemen and have been drawing pensions, as herein after set forth.

"The Court further finds that the Common Council of the defendant, City of Vincennes, Indiana, established the base pay of first class firemen at $290.00 a month, and longevity pay for firemen at $15.00 per month for those serving as such over a seven (7) year period for the years 1957 and 1958, making a total paid each month to firemen on active duty, after seven (7) years of service, the sum of $305.00 per month, and fixed the base pay of first class firemen at $302.50 a month and longevity pay at $25.00 a month, after seven

(7) years of active duty, for each fireman for the year 1959, making a total paid each fireman on active duty, after seven (7) years of service, the sum of $327.50 per month.

"And the Court further finds that the defendant, Board of Trustees of the Firemens' Pension Fund of said City, figured the pension for each pensioner herein as follows:—For returned firemen during the years 1957—1958 on the basis of 55% of $290.00 a month, the longevity pay of $15.00 not being included in the calculation thereof, and figured the pension of each widow during said period of time on the basis of 30% of $290.00 a month, the longevity pay of $15.00 a month not being included in the calculation thereof, and figured the pension for each retired pensioner for the year 1959 on the basis of $302.50 per month, longevity pay of $25.00 per month not being included in the calculation thereon, and figured for pension for each widow of pensioners during said period of time on the basis of 30% of $302.50 per month, longevity pay of $25.00 not being included in the calculation thereof.

"The Court further finds that the additional payments of longevity, as set forth herein, over and above the regular salary payments that have been made by said City to a fully paid first class fireman, are and do constitute a portion of said firemens' monthly wages, and the total monthly compensation, however designated, paid by said City to said first class firemen, shall be included as and be considered as part of the monthly wages received by said firemen.

"The Court further finds that a fully paid first class fireman is that first class fireman receiving the highest monthly wage or monthly compensation being paid to any first class fireman working in the same Fire Department and City as himself. That a City coming within the purview of Section 11 Chapter 21, Acts of Indiana 1937, being Sec. 48-6528, Burns' Indiana Statutes Annotated 1950 Replacement, should grant to retired firemen, and their widows now on pension, any longevity wages of a present first class fireman as now provided by the City Salary and

Appropriation Ordinances, which may exist at the time of payment of said pension benefits.

"The Court further finds that the City of Vincennes, Indiana, paid and continued to pay on a monthly basis during the years 1957—1958, as compensation for services rendered by a first class fireman with seven (7) years or more service both the sum of $290.00 a month and $15.00 per month, or a total of $305.00, and paid and continued to pay on a monthly basis during the year 1959, as compensation for services rendered by a first class fireman, with seven (7) years or more service, both the sum of $302.50 a month and $25.00 per month, or a total of $327.50. That both said sums paid first class firemen constitute a salary and total compensation or wage paid to said firemen for services rendered to the City, as firemen, each month, and together said sums constitute the total salary per month of said fully paid first class firemen.

"The Court further finds that the defendant herein, Board of Trustees of the City of Vincennes Firemens' Pension Fund, and the defendant, City of Vincennes, Indiana, have paid and are now paying to the plaintiff, and all others similarly situated, a pension in an amount per month, which does now take into consideration the said additional monthly payments made to active fully paid first class firemen, which additional payments were designated as longevity pay, as aforesaid; that the Board of Trustees of the Firemens' Pension Fund of the City of Vincennes, Indiana, should have calculated said pension amounts from a total monthly figure of the regular salary, plus any additional monthly compensation, or monthly payments to that first class fireman receiving the highest monthly wages or monthly compensation.

"The Court further finds that the plaintiff for himself, and all others similarly situated, named herein, is entitled to recover of and from the defendant, City of Vincennes, Indiana, as follows: —For each fireman on pension the sum of 363.00, or a total of $3,993.00, and for each widow the sum of $198.00, or a total of $1,386.00, making a

total recovery in this action of $5,379.00, together with costs, layed out and expended.

"IT IS THEREFORE, ADJUDGED, ORDERED AND DECREED BY THE COURT that the law is with the plaintiffs and *against* defendants herein; that any monthly compensation or monthly payments, however designated, paid by said City to a first class fireman are and do constitute a portion of said fireman's monthly wages although a portion of the monthly wages is designated by some name other than a regular salary, as such additional compensation is, in truth and in fact, to be included and considered as a portion of the monthly wage.

"That a fully paid first class fireman is that first class fireman receiving the highest monthly wage or monthly compensation being paid to any first class fireman working in the same Fire Department and City as himself.

"That a fully paid first class fireman is that fireman receiving the maximum monthly compensation, or monthly wage, paid to any first class fireman working in the same Fire Department and City as himself.

"That during the years 1957 and 1958, the fully paid first class fireman working as such for the Fire Department in the City of Vincennes, Indiana, was receiving $305.00 a month, which sum included his regular salary of $290.00 and $15.00 longevity pay.

"That during the year 1959, the fully paid first class fireman, working as such, for the Fire Department in the City of Vincennes, Indiana, was receiving $317.50 a month, which sum included his regular salary of $302.50 and $25.00 longevity pay.

"That the defendants shall have the past due pension benefits and have future pension benefits calculated and ascertained as a monthly pension for the plaintiff, and all others similarly situated, retired firemen and widows, a sum based on the total compensation of a fully paid first class fireman of said city, in accordance with the requirements and Dictates of this judgment, and as pro-

vided by law, and submit to the proper officials such ascertained pension amounts.

"That the plaintiff, for and on behalf of himself, and all others similarly situated, including the widows of deceased firemen, have and recover judgment against the defendant, as follows:—

"For each fireman on pension the sum of $363.00, or a total of $3,993.00, and for each widow the sum of $198.00, or a total of $1,386.00, making total recovery in this action the sum of $5,379.00.

"That the plaintiff recover the costs of this action, and that same be taxed against the defendant, City of Vincennes, Indiana."

Thereafter, the appellants filed their motion for a new trial, the same averring in substance that the "decision or finding" of the court was not sustained by sufficient evidence and was contrary to law and the assessment of the recovery is erroneous as being too large.

The trial court overruled the appellants' motion for a new trial and this appeal followed, the assigned error being the overruling of the appellants' motion for a new trial.

The appellees contend that the appellants have failed to present any question to this court for determination by their failure to comply with Rule 2-17 of the Supreme Court and that this court must affirm the trial court for the failure of the appellants to comply with said Rule. We must agree with the appellees' as it affirmatively appears that the argument portion of the appellants' brief is not in accordance with Rule 2-17(e). Mere conclusions of the appellants are cited without citation of any statute or authority to sustain their conclusions.

The Rules of the Supreme Court have the force and effect of law and are clear and concise, and it is the

duty of the attorneys to prepare their briefs in accordance therewith; however, in view of the public interest and the importance of the question presented to the trial court below, we feel that we should consider this matter upon the merits.

The appellants in the argument portion of their brief concede that the only question involved in this appeal is primarily the construction of the statutes relating to the Firemen's Pension Fund as set forth in Chapter 129 of the Acts of 1905 and the amendments thereto, the same being §§48-6501 and 48-6544, inclusive, Burns' Ind. Stat., 1950 Replacement.

We have carefully reviewed each pertinent section of the statute pertaining to the issues involved before the trial court that is now before us and believe that they are clear and unambiguous in their context. See §§48-6507 and 48-6528, Burns' Ind. Stat., 1950 Replacement.

We further are of the opinion, after reviewing the trial court's findings and judgments, that the trial court correctly construed and interpreted said statutes.

Our Supreme Court has held that the pension laws shall be liberally construed in favor of those intended to be benefited thereby. See *Schock et al.* v. *Chappell* (1952), 231 Ind. 480, 484, 109 N. E. 2d 423; *State ex rel. Clemens* v. *Kern* (1939), 215 Ind. 515, 523, 20 N. E. 2d 514.

By reason of what we have heretofore stated, judgment of the trial court is affirmed.

Carson, P. J., Clements, J., and Ryan, J., concur

NOTE.—Reported in 191 N. E. 2d 321.