CITY OF FORT WAYNE *v.* JENKINS.

[No. 967A75. Filed October 25, 1967. Rehearing denied November 10, 1967. No petition for transfer filed.]

532

*Richard W. George,* of Fort Wayne, for appellant.

*Richard G. VerWiebe,* of Fort Wayne, for appellee.

PER CURIAM.—This matter is before the court on appellee's motion to dismiss the appeal of appellant, or in the affirmative, affirm the judgment of the court below.

The record shows that the trial court entered judgment in favor of the appellee on April 10, 1967. The appellant filed a motion for new trial which was overruled on June 30, 1967. On August 10, 1967, appellant filed a praecipe for transcript with the clerk of the court.

On September 27, 1967, the appellant tendered to the clerk of this court its petition for extension of time within which to file transcript and assignment of errors.

On September 28, 1967, this court, with only the appellant's representations before it, granted such petition and appellant was given to and including November 27, 1967, to file transcript and assignment or errors.

It is the opinion of this court that our order dated September 28, 1967, granting appellant an extension of time to file transcript and assignment of errors should be rescinded, expunged and withdrawn from the records of this appeal; and it is so ordered.

We are now confronted with appellee's motion to dismiss or affirm, filed on October 11, 1967, wherein the appellee petitions this court to dismiss the appeal.

Appellee's motion to dismiss or affirm alleges the following deficiencies in appellant's petition for extension of time:

1. "That the specific grounds for which said purported petition is based is 'That the Court Reporter of the Jay Circuit Court, who took the evidence, has advised Appellant's attorneys that she has other transcripts ahead of the transcript of the evidence in this cause and it will be impossible for her to complete the transcript before December 22, 1967.' That said ground is founded on matters of fact which are not apparent from the record or admitted and therefore must be supported by affidavit.'

Appellee's allegation is well founded. Rule 2-12 of the Supreme Court states, in part:

"If a motion is . . . founded on matters of fact which are not apparent from the record or admitted, it must be supported by affidavit."

2. "Said purported petition was not filed at least five (5) days before the expiration of the ninety (90) day period for filing of the transcript and assignment or errors and that Appellant's purported petition was not supported by an Affidavit of Emergency all required by Rule 2-16."

Rule 2-16 states, in part:

". . . petitions for extension of time shall be filed at least five (5) days before the expiration of the time to be extended unless it is made to appear by affidavit that the facts which are the basis of the petition did not then exist or were not then known to the applicant or his counsel."

In this case, the time for filing the transcript expired September 30, 1967, and the petition for extension of time was not received until September 27, 1967. No affidavit was presented to this court showing any facts which would justify a waiver of the five day limitation.

This court has often stated that the Rules of the Supreme Court are binding upon the courts and the litigants alike.

The order granting appellant's petition for extension of time is ordered rescinded, withdrawn and expunged from the record of this appeal, and appellee's motion to dismiss is granted.

Appeal dismissed.

NOTE.—Reported in 230 N. E. 2d 549.