CITY OF VINCENNES v. McCARTER ET AL.

[No. 967A77. Filed April 18, 1968. No petition for rehearing filed.]

494

*Emison & Emison, Rabb Emison,* and *Robert P. Doolittle, Jr.,* of Vincennes, for appellant.

*Shake and Lewis, Curtis G. Shake, James J. Lewis, Gilbert Shake,* and *Robert D. Lewis,* of Vincennes, for appellees.

COOK, P. J.—This is an action instituted by appellees (one and the same interests) for and on behalf of the relator and all others similarly situated. The complaint was of the nature of a class action; yet, it sought eighteen separate money judgments against appellant, City of Vincennes. Appellee Mc-Carter, and those upon whose behalf this action was prosecuted, were either retired policemen or widows and children of retired policemen to whom pensions were payable by Vincennes.

Appellees' amended complaint sought to require the appellant, Vincennes, to compute police pensions on the basis of the actual remuneration received by the highest paid first-class patrolmen, rather than on the basis of the salary of a first-class patrolman, as set by appellant's Common Council. The difference between these two amounts consisted of "longevity pay," which was based upon the number of years service for Vincennes.

Appellees' complaint sought recovery in the aggregate sum of $23,412.59, representing the difference between the amount of the pensions previously paid to appellees, and the amount

of pensions which appellees assert shoud have been paid. Included in the principal amount of recovery requested is an undisclosed sum of money representing interest at the rate of 6% from an undisclosed date to January 1, 1965. Appellees also sought interest from January 1, 1965, to the date judgment was entered.

The trial court found in favor of appellees and entered eighteen judgments against appellant in the total sum of $26,606.96.

Appellant filed a motion for new trial which was overruled. This is the sole assignment of error relied upon by appellant on this appeal.

New trial specifications are as follows:

"1. The damages assessed are excessive.
2. Error in the assessment of the amount of recovery, in this, the amount is too large.
3. The decision of the trial court is not sustained by sufficient evidence.
4. The decision of the court is contrary to law."

Under these specifications of error it is appellant's contention that the evidence at trial did not reveal in what manner the principal amounts of the unpaid pensions were computed or from what dates and in what manner the interest was computed.

After reviewing the record, we find that appellant's contention is correct. Even though specific amounts due were asserted in appellees' complaint, the appellees failed to introduce any evidence to *prove* the amount of principal or interest under the formula asserted.

The appellees, in order to be entitled to interest before judgment must prove by evidence and established precedent that they are entitled to such interest, and to furnish the proper data from which the amount, if owing, can be computed. This was not done.

The court awarded recovery to some of the appellees without proof of any facts upon which the court could compute the amount of recovery. In order to accurately compute the amount due to the individual appellees it is necessary to know the number of years of active service in the Vincennes Police Department. In most instances there was no such evidence upon which the court could possibly compute the amount of recovery. The trial court, having no evidence before it upon which to base its computations of principal and interest, erred in entering a judgment which included principal and interest in a lump sum figure.

For the reasons stated, the decision of the trial court must be reversed, and appellant's motion for new trial granted.

We consider it appropriate to discuss other questions raised by appellant in order to establish a guide for an orderly new trial.

Appellant contends that the Common Council properly computed the amount of pensions paid and payable under the provisions of Burns' Ind. Stat. Anno. § 48-6403 (3) and that appellees were entitled to no recovery. Under the authority of *Kilfoil, Mayor, etc., et al.* v. *Johnson, etc.* (1963), 135 Ind. App. 14, 191 N. E. 2d 321, we believe this contention is erroneous to the extent that the pensions should have been computed on the basis of the highest paid first class patrolman based upon applicable evidence.

Appellant also contends that the entire judgment is void because indispensible parties, The Board of Trustees of the Policeman's Pension Fund and the active members of the Vincennes Police Department, were not made parties defendant to the action. We cannot agree that such parties were indispensable parties defendant, as there could be a complete determination of this controversy without them.

Judgment reversed, with instructions to grant appellant's motion for new trial.

Bierly, Pfaff and Smith, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 503.