ANDREW F. ORBAN AND BEATRICE BURNS, ET AL. *v.*
LLOYD M. ALLEN, MAYOR, ET AL.

[No. 1267A109. Filed November 13, 1968. Rehearing denied December
12, 1968. Transfer denied April 18, 1969.]

*Roland Obenchain, Jr.,* of South Bend, for appellants.

*William A. Hosinski, Arthur W. Frisk, Robert J. DuComb,*
and *Bruce Hammerschmidt,* all of South Bend, for appellees.

PER CURIAM.—This is an action for declaratory judg-
ment brought by retired policemen and widows of retired
policemen seeking a determination of their rights to addi-
tional pension benefits for the years 1961 to 1964, inclusive.

The particular issue involved here is whether the longevity pay allowance given to active policemen should be included in "salary" for purposes of the computation of wages required by Burns' Ind. Stat. Anno. § 48-6403, (1963 Repl.), which prescribes the method of providing pension benefits. The prayer of the complaint is as follows:

"WHEREFORE, plaintiffs and others similarly situated pray judgment declaring:

"1. That any monthly compensation or monthly payments however designated paid by the City of South Bend, Indiana, to active patrolmen are and do constitute a portion of said patrolman's monthly wages, although designated as longevity pay rather than salary;

"2. That the longevity pay paid to an active patrolman with more than seventeen (17) years of service in the amount of Forty Dollars ($40.00) per month should be added to the regular salary of active patrolmen for the purpose of computing the pensions of the plaintiffs and the others similarly situated;

"3. That the defendants recompute the pensions paid to the plaintiffs and the others similarly situated for the years 1961, 1962, 1963 and 1964, such recomputation to be based on the monthly salary plus longevity pay of an active patrolman with more than seventeen (17) years of service;

"4. That the plaintiffs and others similarly situated are entitled to have judgment against the defendants for the difference between the pensions paid them and the pensions due them as determined by said recomputation; and

"5. That in the future the pensions to be paid to the plaintiffs and others similarly situated be computed on the total compensation paid to active patrolmen however such compensation may be designated, and however it may fluctuate."

Our Supreme Court has held in favor of liberal construction of pension laws to favor those intended to be benefited by them. *Schock et al. v. Chappell* (1962), 231 Ind. 480, 109 N. E. 2d 423.

The record reveals the following factual situation:

The Common Council of the City of South Bend for the years in question, by ordinance, established pay rates for patrolmen. They also included in their yearly appropriation for salaries a lump sum amount designated as longevity pay, and this amount was separate and distinct from the salary scale established.

On December 30, 1960, the Board of Public Works and Safety of South Bend by resolution provided for the preparation of a certain document, purporting to be a police department grading system, to be filed of record. This document incorporated into a monthly salary scale, the longevity pay allocated by the Common Council.

The Pension Board, in determining the pensions due under Burns' Ind. Stat. Anno. § 48-6403 (1963 Repl.), used only the salary scale provided by the Common Council, and ignored both the lump sum allocation for longevity pay and the purported resolution of the Board of Public Works and Safety.

We are dealing with three administrative bodies; the Board of Public Works and Safety of the City of South Bend; the Common Council of the City of South Bend; and the Board of Police Pensions of the City of South Bend. Each group is charged with a different function in regards to the question here involved.

The Common Council by ordinance fixes the number of police officers and their annual pay, in accordance with the provisions of Burns' Ind. Stat. Anno. § 48-6102 (1963 Repl.). This statute provided that in the event the Common Council failed to provide an ordinance which set out the pay scale, as adjusted by rank, length of service, and other considerations, then the duty to so provide would fall on the Commissioners of the Board of Public Safety by default. If the Common Council, by ordinance, confers upon the Board of Public Safety power to make further

provisions for pay scaling it can do so; but this is not the case here.

Finally, the Pension Board is under a duty to adjust the pension payments according to the salary of the first grade patrolman. (Burns' Ind. Stat. Anno. § 48-6403), (1963 Repl.). There is no discretion in this provision. In *Kilfoil, Mayor, etc., et al. v. Johnson, etc.* (1963), 135 Ind. App. 14, 191 N. E. 2d 321, we provided some guidelines for the Pension Boards as regards longevity pay. We held that longevity pay should be included in the computation of the monthly payments on which the pensions are based.

As a further guide, we decided in our opinion, in *Marter v. City of Vincennes* (1948), 118 Ind. App. 586, 82 N. E. 2d 410, that Burns' Ind. Stat. Anno. § 48-6102, (1963 Repl.), one of the statutes here in question, must be taken as a whole, and that no part of the powers specifically vested in the Common Council devolves on the Board of Public Safety unless and until they fail to provide for pay in a duly enacted ordinance. The parts of that statute are not severable, giving a slice of power to each group.

In the very recent case of *Vincennes v. McCarter* (1968), 142 Ind. App. 493, 14 Ind. Dec. 58, 236 N. E. 2d 76, we said,

> "(T)he pensions should have been computed on the basis of the highest paid first class patrolman *based upon applicable evidence*". (Emphasis added.)

Appellees' argument fails to persuade us that, under our contemplation of the events and the law involved, the longevity pay should not have been included in the pension computation.

Appellees are correct in their assertion that the right to salary is contractual and does not necessarily include an ap-

propriation for longevity pay. But we are not here concerned with the patrolman's contractual rights, but instead, with the statutory pension rights of retired patrolmen.

As we noted earlier in *Vincennes v. McCarter, supra,* the Pension Board should base their computation upon all the "applicable evidence." The evidence is plain; patrolmen received longevity pay under an appropriation by the Common Council. Their paychecks were increased in this amount.

In accord with what we have said above, we find that appellants should recover according to their prayer, and the judgment of the trial court should be reversed, with instructions to enter summary judgment for appellants-plaintiffs below, and for further proceedings in accord with the views expressed herein; appellees' motion to dismiss or affirm previously held in abeyance is herewith denied.

Judgment reversed.

NOTE.—Reported in 241 N. E. 2d 378.