RICHARD G. LUGAR, MAYOR OF THE CITY OF INDIANAPOLIS;
WINSTON CHURCHILL, CHIEF OF THE INDIANAPOLIS POLICE
DEPARTMENT; LAWRENCE L. BUELL, TREASURER OF MARION
COUNTY, INDIANA; WINSTON CHURCHILL, PRESIDENT,
JAMES LANGSFORD, SECRETARY AND MICHAEL T. SERGI,
JUDITH CALLAHAN, EARL BOOTH, JOSEPH KLEIN AND JOHN HARTNET,
ALL AS MEMBERS OF THE BOARD OF TRUSTEES OF THE
POLICE PENSION FUND OF THE CITY OF
INDIANAPOLIS, INDIANA *v.* STATE OF INDIANA, EX REL,
GEORGE C. LEE AND CHARLES L. CLINE, INDIVIDUALLY
AND AS REPRESENTING A CLASS OF OTHERS SIMILARLY SITUATED,
OTHERS BEING TOO NUMEROUS TO MENTION

[No. 2-675A145. Filed April 10, 1978. Rehearing denied May 9, 1978.
Transfer granted December 13, 1978]

*David R. Frick*, City of Indianapolis Corporation Counsel, *William L. Soards, Soards & Carroll*, of Indianapolis, for appellants.

*John C. Ruckelshaus, Paul G. Roland, Rex P. Killian, Ruckelshaus, Bobbitt & O'Connor*, of Indianapolis, for appellees.

SULLIVAN, J.—This suit was brought by representatives of a class comprised of former members of the Indianapolis Police Department, either retired or disabled, and the widows and next of kin of former policemen all of whom are entitled to benefits from the Policemen's Pension Fund pursuant to IC 19-1-18-13 (Burns Code Ed. 1974). Their complaint for mandate sought an order from the trial court directing the Trustees of the Fund to include, in the computation of pension benefits, the clothing allowance which the City pays to first-class patrolmen pursuant to IC 19-1-10-1 (Burns Code Ed. 1974).

In considering the representatives' motion for summary judgment, the trial court found, as a matter of law, that the salary formula for computing benefits did include the clothing allowance. Thereafter, the trial court heard evidence with respect to the issue of damages and, in a supplemental entry, ordered the Trustees to pay, as compensation for past deficiencies, the sum of $1,301,696.73, less attorney fees of $162,712.09.

On appeal, the Trustees of the Pension Fund challenge the summary judgment as being contrary to law. Because we reverse on this ground, we need not reach their other asserted error.

I.

*REVIEW OF CASE ON THE MERITS IS APPROPRIATE*

Before turning to a discussion of the merits, we must dispose of

various contentions that either the appeal should be dismissed or that the claimed error should be deemed waived.

(A)

The representatives argue that this Court lacks jurisdiction because the Trustees' last petition to extend the time for filing their brief did not comply with Ind. Rules of Procedure, Appellate Rule 14(A). The rule requires that such petitions be filed at least five days before the expiration of the time period, unless good cause of an emergency nature is shown under oath.

The Trustees had until January 29, 1976 to file their brief as a result of two previous extensions of time. On January 28, 1976, the day before their time was to expire, they filed the petition in question for "Emergency Extension of Time Within Which to File Appellants' Brief." The petition was granted by order of this Court and the brief thereafter was filed within the time period as extended.

However, because the last petition was not filed at least five days before the expiration of the time sought to be extended, pursuant to Rule AP. 14(A), the Trustees were required to show by sworn statement that the facts which were the basis of the petition did not exist or were not known in sufficient time to comply with the five-day rule. The representatives claim that the petition failed to satisfy this requirement.[1]

The Court of Appeals has discretion to determine whether a belated petition is to be deemed timely filed. *See, Terry v. Terry* (1974), 160 Ind. App. 653, 313 N.E.2d 83. According to the verified petition, co-counsel for Appellants (William L. Soards) had to devote time to his duties as a member of the Indiana House of Representatives. This Court determined that the asserted reason was sufficient and accepted the belated petition. Although such discretionary determinations are subject to review and possible rescission,[2]

---

1. The representatives presented the same argument in a motion to dismiss the appeal or, alternatively, to affirm the judgment below which this Court denied.

2. *Cf., State v. Brown* (1975), 263 Ind. 77, 324 N.E.2d 266 (no explanation for belated petition); *City of Fort Wayne v. Jenkins* (1967), 141 Ind. App. 531, 230 N.E.2d 549 (no affidavit with belated petition and no showing that petition was verified).

in this case a majority of the panel finds no reason to overturn the earlier ruling.

IC 2-3-5-1 (Burns Code Ed. 1972) establishes the right of an attorney-legislator to a continuance in civil and criminal actions. The policy expressed therein provided a basis for the exercise of discretion which resulted in acceptance of the Trustees' belated petition for extention of time. A majority of this panel therefore holds that such exercise was not improper as a matter of law.

(B)

The representatives argue next that the claimed error was waived by the Trustees' failure to include that specification in their Motion to Correct Errors.

The specification does appear and is fully argued in the accompanying memorandum, but no reference to it appears in the Motion proper. In the Motion, the summary judgment is challenged on very specific factual grounds, but not for the reason that the trial court erred, purely as a matter of law, in its interpretation of the statute.[3] A majority

---

3. The Motion to Correct Errors under consideration here is the one filed on August 12, 1975, after all the issues were finally adjudicated and consolidated in the trial court's supplemental entry of June 17, 1975. The only specification relating to the summary judgment is No. 4 which asserts:

"4. That the Court erred in granting the Plaintiffs' motion for summary judgment on amended complaint filed on the 28th day of October, 1974, for each of the following reasons:

(a) That there were genuine issues of fact to be determined on a trial of the issues presented;

(b) That the small amount of evidence before the Court does not support the granting of the motion for summary judgment, in that:

(1) The question as to whether or not a mandamus action was the proper action was not heard by the Court,

(2) that the question as to whether the Plaintiffs had exhausted their administrative remedies was not adjudicated;

(3) the question of whether or not the Plaintiffs had standing to sue was not adjudicated;

(4) that the question of res judicata was not heard by the Court;

(5) that the question of estoppel was not heard by the Court."

of this panel concludes nevertheless that the issue should be treated on the merits.

The question raised on appeal has been the central issue in this case from the outset. As the representatives themselves paraphrased the issue in the memorandum attached to their motion for summary judgment, "[t]he question . . . is whether 'bonuses' and clothing allowances are to be considered salary . . ." within the meaning of the pension provisions. The trial court's ruling from which this appeal was taken dealt exclusively with this issue. The trial court concluded:

> "That the amount of the clothing allowance paid to a first grade patrolman is 'salary' within the meaning of the word 'salary' as it is used in the Acts 1953, Chapter 34, Sec. 13, as amended."

The Trustees' challenge to the trial court's interpretation of the statute was then presented and argued extensively in the memorandum accompanying their Motion to Correct Errors of August 12, 1975.

Under the circumstances, the dual purpose of the Motion to Correct Errors[4] has been satisfied. The trial court was obviously cognizant of the error being relied upon and had an opportunity to correct it. At the appellate level, the Motion to Correct Errors read together with the accompanying memorandum gives adequate notice of the complained error. Neither this Court, the trial judge, nor opposing counsel could have been misled.

In this respect the case at bar presents a unique situation. The author of this opinion does not suggest that an issue is always preserved for review on appeal if it is merely included in the accompanying memorandum. That would require the trial court to then scrutinize for possible error not only the Motion to Correct Errors but also the accompanying memorandum. This plainly is not what Ind. Rules of Procedure, Trial Rule 59 contemplates, although that is not conceived to be unduly burdensome. Under TR. 59(G), it is the party's responsibility to draw attention to the assigned error and ordinarily the error relied upon must be discernible from the Motion to Correct Errors itself.

---

4. See *Bennett v. State* (1973), 159 Ind. App. 59, 304 N.E.2d 827, 829.

Exception is made in this case only because the notification aspect is especially salient. Appellants have not attempted to raise a new issue. The error asserted on appeal was the main issue before the trial judge and was clearly embraced within his ruling on the motion for summary judgment. For these reasons and because of our stated preference for deciding cases on the merits, the issue is deemed preserved. *Cf., Board of Commissioners of the County of Howard v. Kokomo City Plan Commission* (1974), Ind. App., 310 N.E.2d 877, 881-83, rev'd on other grounds, 330 N.E.2d 92.

(C)

The remaining waiver contentions relate to alleged deficiencies in the Trustees' briefs. The representatives argue that all asserted errors should be deemed waived because Appellants' brief does not comply with Ind. Rules of Procedure, Appellate Rule 8.3(A)(5) and (7).

Where a brief is in substantial compliance, failure to include all that is technically required does not result in a waiver of error fairly and clearly presented. *Indiana State Board of Tax Commissioners v. Lyon and Greenleaf Co., Inc.* (1977), 172 Ind. App. 272, 359 N.E.2d 931.

We have on numerous occasions stated our preference for deciding cases on their merits whenever possible. The Supreme Court reemphasized this principle in *Pinkler v. State* (1977), 266 Ind. 467, 364 N.E.2d 126, 128-29:

"Rule 8.3(A) was adopted by this Court to facilitate our thorough, orderly, and expeditious consideration of appeals. It confers no right on the appellee to avoid the substance of an appellant's arguments; the right to invoke the sanction of the rule belongs to the reviewing court, for whose benefit the rule was intended. This Court and the Court of Appeals have often refused to consider issues because of noncompliance with Rule 8.3(A), especially where that noncompliance was found to be so substantial as to interfere with rational consideration of the issues, or was the result of the lack of a good faith effort to comply with the rule. See *Davis v. State*, (1976), [265] Ind. [476], 355 N.E.2d 836, 839. But the primary purpose of appellate review is to ensure that justice is done in our courts and to provide unity and coherence in judicial application of the laws, not to secure compliance with technical rules prescribing the form and arrangement of appellate briefs."

Regarding compliance with Rule AP. 8.3(A)(5), the Trustees' brief does contain an adequate "statement of the facts relevant to the issues presented for review." This appeal is from a summary judgment based entirely on the complaint as amended. Since no supporting affidavits or other evidence was before the trial court, the only facts relevant to our review are those pleaded in the amended complaint. Although the Trustees' "statement of facts" summarizes the evidence presented at the hearing on damages, the amended complaint is set out elsewhere in that part of their brief which details the course of the proceedings. Where Appellants' brief contains an adequate statement of the facts as required by Rule AP. 8.3(A)(5), the inclusion of extraneous matter does not render the brief deficient.

With respect to Rule AP. 8.3(A)(7), the representatives observe that the Trustees have failed to specify in the argument section of their brief which of the errors assigned in the Motion to Correct Errors are being argued.

The argument section of the Trustees' brief commences with a summary of their position regarding the two questions raised. The full argument which follows concededly does not treat these two issues under separate headings or provide accompanying references to the Motion to Correct Errors. Although in this respect the Trustees' brief may not be a paragon of exacting adherence to the rule, it nevertheless does fulfill the purpose of the rule and consequently must be deemed in substantial compliance therewith.

The respective contentions are unmistakable, and at the same time sufficiently related that it was not improper to group them together. The supporting argument, moreover, is sufficiently articulated so that the reader is able to readily identify the corresponding error assigned in the Motion to Correct Errors. In *Dahlberg v. Ogle* (1977), 266 Ind. 524, 364 N.E.2d 1174, under similar circumstances, our Supreme Court refused to dismiss an appeal or hold the issues waived. As in that case, the Appellants' brief here can be responded to by Appellees without undue hardship and therefore a dismissal or waiver is not warranted. See also, *Reely v. Applegate Elevator Co., Inc.* (1973), 154 Ind. App. 136, 289 N.E.2d 301, 303.

## II.

### SUMMARY JUDGMENT IS CONTRARY TO LAW

Having decided that the claimed error has been preserved, a majority of this panel holds further that the trial court's ruling is contrary to law.

In a recently published opinion, we held that the clothing allowance authorized by IC 19-1-10-1 (Burns Code Ed. 1974) is not "salary" within the meaning of IC 19-1-24-3 (Burns Code Ed. 1974), which governs the police pension benefits in all but first-class cities. *Hilligoss v. LaDow* (1977), 174 Ind. App. 520, 368 N.E.2d 1365. We now reach the same conclusion with respect to IC 19-1-18-13 (Burns Code Ed. 1974), the pension statute for policemen in first-class cities.

Prior to 1969, IC 19-1-18-13, *supra*, contained language nearly identical to that found in IC 19-1-24-3, *supra*. Pension benefits were determined by the "salary of a first grade patrolman." In 1969, subsection (a) of IC 19-1-18-13 was amended to include the following sentence:

"The salary of a first grade patrolman, for the purpose of computing pensions and benefits as specified herein, shall be defined as base salary as provided for by ordinance plus any remuneration for length of service up to and including ten [10] years of service."

This change in the benefit formula does not affect our interpretation of the statute. The reasoning in *Hilligoss* applies. Moreover, the sentence added in 1969 merely serves to limit longevity pay to ten (10) years.[5] Used for this purpose, the term "base salary" simply refers to the salary of a first grade patrolman minus his longevity pay. With this exception, "base salary" is otherwise synonymous with a first grade patrolman's *regular salary*, as that term is defined in *Hilligoss*.

The judgment therefore is reversed, and the cause is remanded with instructions to enter judgment for defendants.

---

5. Prior case law has held that longevity pay falls within the definition of "salary" for computing pension benefits. *City of Vincennes v. McCarter* (1968), 142 Ind. App. 493, 236 N.E.2d 76; *Orban v. Allen* (1968), 143 Ind. App. 513, 241 N.E.2d 378; *Kilfoil v. Johnson* (1963), 135 Ind. App. 14, 191 N.E.2d 321.

Buchanan, C.J., dissents in part and concurs in part with opinion.

White, J., dissents in part and concurs in part with opinion.

## OPINION DISSENTING IN PART; CONCURRING IN PART

BUCHANAN, C.J., dissenting in part and concurring in part.

I dissent because the claimed error that the trial court's summary judgment was contrary to law was not specified in Appellants' Motion to Correct Errors.[1] Therefore, that issue must not be considered on appeal.

Ind. Rules of Procedure, Trial Rule 59(B) and (G),[2] requires that an error to be preserved upon appeal must be specifically set forth in the Motion to Correct Errors and numerous cases[3] have religiously follow-

---

1. As Judge Sullivan's opinion indicates, the Appellants' Motion to Correct Errors challenges the summary judgment on very specific factual grounds but not on the grounds that it was contrary to law. *See* footnote 3 for verbatim statement of Appellants' Motion to Correct Errors.

2. Ind. Rules of Procedure, Trial Rule 59:

(B) Form of motion. A motion to correct error shall state the issues upon which error is claimed, but the issues are not required to be stated under or in the language of the reasons allowed by these rules, by statute or by other law. The statement of claimed errors shall be specific rather than general, and shall be accompanied by a statement of the facts and grounds upon which the errors are based.

. . .

(G) Motion to correct error a condition to appeal. In all cases in which a motion to correct errors is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court. A motion to correct errors shall not be required in the case of appeals from interlocutory orders, orders appointing or refusing to appoint a receiver, and from orders in proceedings supplemental to execution.

3. *Edwards v. State* (1976), 265 Ind. 239, 352 N.E.2d 730; *Finch v. State* (1975), 264 Ind. 48, 338 N.E.2d 629; *Spivey v. State* (1971), 257 Ind. 257, 274 N.E.2d 227; *Macken v. City of Evansville* (1977), 173 Ind. App. 60, 362 N.E.2d 202; *Sacks v. State* (1977), 172 Ind. App. 185, 360 N.E.2d 21; *Kelly v. Bank of Reynolds* (1976), 171 Ind. App. 515, 358 N.E.2d 146; *Indiana State Highway Comm. v. Thomas* (1976), 169 Ind. App. 13, 346 N.E.2d 252; *Bd. of Com'rs of Delaware County v. Briggs* (1975), 167 Ind. App. 96, 337 N.E.2d 852; *Haskett v. Haskett* (1975), 164 Ind. App. 105, 327 N.E.2d 612; *Bennett v. State* (1973), 159 Ind. App. 59, 304 N.E.2d 827; *State v. Hladik* (1973), 158 Ind. App. 223, 302 N.E.2d 544; *Farley*

ed this requirement of specificity. I know of no case in which this fundamental requirement has been discarded because an issue is "especially salient," or because the error is asserted in the accompanying memorandum.

Even those cases liberally construing the rule have required the *claimed error to be stated in some form* in the Motion to Correct Errors.[4]

The single case cited to support consideration of the claimed error omitted from the Motion to Correct Errors is *Bd. of Com'rs, County of Howard v. Kokomo City Plan Comm.* (1974), Ind. App., 310 N.E.2d 877, reversed on other grounds, 263 Ind. 282, 330 N.E.2d 92. There, however, the question was whether an assertion of error challenging a statute's constitutionality was sufficiently specific despite failure to specify the section of the State Constitution violated. This is not analogous to the present case. Here the error asserted was not mentioned or referred to in any way.

In *Bd. of Com'rs of Delaware County v. Briggs* (1975), 167 Ind. App. 96, 337 N.E.2d 852, this court rejected the argument that the statement in the motion, "over the defendants' objections", properly preserved specific errors even though the basis for the objections were brought to the trial court's attention orally.

In view of the overwhelming authority in this and the Supreme Court

---

*v. Farley* (1973), 157 Ind. App. 385, 300 N.E.2d 375; *Daben Realty Co. v. Stewart* (1972), 155 Ind. App. 39, 290 N.E.2d 809; *Matthew v. State* (1972), 154 Ind. App. 182, 289 N.E.2d 336; *Ostric v. St. Mary's College* (1972), 153 Ind. App. 616, 288 N.E.2d 565; *Indiana Dep't of State Revenue v. Frank Purcell Walnut Lumber Co.* (1972), 152 Ind. App. 122, 282 N.E.2d 336.

4. A Motion to Correct Errors stating claimed errors in general terms will not fail if specificity is provided by reading the motion with the accompanying memorandum. *Leist v. Auto Owners Ins. Co.* (1974), 160 Ind. App. 322, 311 N.E.2d 828; *Indiana Dep't of State Revenue v. Frank Purcell Walnut Lumber Co.* (1972), 152 Ind. App. 122, 282 N.E.2d 336.

An inartfully drawn Motion to Correct Errors in *Kelly v. Bank of Reynolds* (1976), 171 Ind. App. 515, 358 N.E.2d 146, was found to be sufficiently specific in that the Motion set out what was being challenged. Likewise, error alleged in the Motion to Correct Errors is sufficiently specific without a verbatim transcript of the objection, testimony or rulings being challenged. It is adequate that those matters be set out in substance in the Motion or accompanying memorandum. *Prudential Ins. Co. of America v. Winams* (1974), Ind. App. 308 N.E.2d 727, reversed on other grounds, 263 Ind. 111, 325 N.E.2d 204.

requiring that the claimed error be specifically stated in the Motion to Correct Error, I can only conclude that the Appellants' total omission of any such claimed error precludes a decision on our part as to whether the rendering of a summary judgment was contrary to law. TR. 59(B) and (G) have been violated.

However, I concur in Parts I(A) and I(C) of Judge Sullivan's opinion.

### OPINION DISSENTING IN PART; CONCURRING IN PART

WHITE, J., dissenting in part and concurring in part.

Part I(A) of the court's opinion holds that the petition for extension of time which appellants filed on January 28, 1976, one day before their time for filing their brief was to expire on January 29, 1976, was timely filed. With that part of the court's opinion, and only that part, I cannot agree.

In pertinent part Appellate Rule 14(A), which makes provision for extensions of time, requires that: "Except in appeals from interlocutory orders [which this is not], petitions for extensions of time shall be filed at least five days before the expiration of the time to be extended unless it is made to appear by affidavit that the facts which are the basis of the petition did not then exist or were not then known to the applicant or his counsel."[1]

I have no quarrel with the court's holding that the facts which are the basis of appellant's petition for extension of time are sufficient to justify the extension requested. The verified petition states them thus:

"3. Despite due diligence and giving preference to this matter, the time allowed by the Rules for the Appellants' Brief, and the time granted by this Court, will not suffice due to the fact that Affiant [appellants' attorney] is a member of the Indiana House of Representatives and his duties there have kept him from completing the Brief."

---

1. These words have been a part of Indiana's rules of appellate procedure for many years preceding the adoption of the present rules, effective January 1, 1970. See, e.g., Supreme Court Rule 2-16 in Burns Indiana Statutes Annotated, Vol. 2, part 1, 1967 replacement.

My quarrel is with the fact that nowhere in that verified petition (and there is no accompanying affidavit) is there any statement that appellants' attorney did not know five days before his brief was due that he was a member of the legislature and that his duties there would keep him from completing his brief within the time allowed by the rules and by his previous extensions. Without the required showing in the affidavit, or verified motion, that the facts requiring the extension were unknown or did not exist four days earlier, this court was without jurisdiction to grant the extension and appellants' brief was therefore filed after the court had lost jurisdiction of this appeal. *Members v. Adams* (1960), 240 Ind. 280, 163 N.E.2d 745; *Adams v. Leath* (1965), 137 Ind. App. 83, 205 N.E.2d 178. Rule AP. 8.1(A) mandates dismissal when an appellant's brief is not timely filed. *Murphy v. Ind. Harbor Belt R.R. Co.* (1972), 152 Ind. App. 455, 459, 284 N.E.2d 84.

While I believe, for the reasons I have stated, that we have no jurisdiction to consider this appeal on its merits, I have been out-voted. I therefore concur in the result Judge Sullivan reaches on other procedural questions addressed in Parts I(B) and I(C) of his opinion. I concur without reservation in Part II of his opinion.

NOTE — Reported at 374 N.E.2d 1159.