**CITY OF FORT WAYNE, Indiana; Paul Helmke, as Mayor of the City of Fort Wayne, Indiana, and as President of the Board of Trustees of the Police Pension Fund of the City of Fort Wayne, Indiana; Douglas M. Lehman, as Comptroller of the City of Fort Wayne, Indiana; T. Neil Moore, as Chief of Police of City of Fort Wayne, Indiana; Ronald P. Lapp, as Secretary of the Board of Trustees of the Police Pension Fund of the City of Fort Wayne, Indiana; Michael J. McAlexander, as Director of Public Safety of the City of Fort Wayne, Indiana; F. Nelson Peters, IV, as Director of Personnel/Labor Relations of the City of Fort Wayne, Indiana, Appellants–Defendants,**

v.

**Dallas RAMSEY and Ken VanRyn, on behalf of themselves and all others similarly situated, Appellees–Plaintiffs.**

No. 02A03–9103–CV–71.

Court of Appeals of Indiana, Third District.

Sept. 23, 1991.

J. Timothy McCauley, Fort Wayne, for appellants-defendants.

J. Philip Burt, Fort Wayne, for appellees-plaintiffs.

HOFFMAN, Judge.

Appellants-defendants appeal the trial court's summary judgment ruling in favor of appellees-plaintiffs.

This case involves the 1925 Police Pension Fund. This fund provides pension benefits for retired police officers of the Fort Wayne Police Department hired before May 1, 1977.

Appellees in this case are retired members of the City of Fort Wayne Police Department. The class of persons represented by appellees is clearly defined and includes all other retired members of the City of Fort Wayne Police Department and the surviving spouses and dependents of former police officers who are entitled to benefits from the 1925 Police Pension Fund.

The appellants (City of Fort Wayne) ask this Court to review whether assessments paid by the City of Fort Wayne into the pension fund, on behalf of active members of the police force, should be included in calculating benefits paid out of the fund.

On December 7, 1989, the City of Fort Wayne's chief of police, director of public safety, and personnel/labor relations director, executed an agreement on behalf of the City of Fort Wayne with the Patrolmen's Benevolent Association, Inc., which, among other things, established the salary of a first class patrolman for the City of Fort Wayne Police Department.

The Common Council of the City of Fort Wayne adopted this agreement in its entirety on January 9, 1990. Special Ordinance No. S–01–90 was enacted containing the terms of the agreement. The Mayor signed the ordinance on January 11, 1990, giving the the ordinance legal effect retroactive to January 1, 1990.

This Special Ordinance, No. S–01–90, provides that beginning January 1, 1990, the salary of a member of the bargaining unit shall be $24,210.28; beginning January 1, 1991, the salary of a member of the bargaining unit shall be $25,323.95; and beginning January 1, 1992, the salary of a member of the bargaining unit shall be $26,438.21.

The ordinance also provides additional "salary" longevity pay of $500.00 per year through 1992. The salaries were negotiated by collective bargaining between the City of Fort Wayne and the Patrolman's Benevolent Association, Inc. No retired police officer, however, is a member of the Patrolman's Benevolent Association, Inc.

IND.CODE § 36–8–6–4 (1990 Supp.) provides that each police officer of the City of Fort Wayne who is a member of the 1925 pension fund shall have an amount equal to 6% of the salary of a first class patrolman assessed against him or her and paid into

the 1925 Pension Fund.[1] When the Indiana General Assembly amended IND.CODE § 36–8–6–4 in 1989, a clause was added which provided that the employer may pay all or a part of the assessment into the 1925 Pension Fund on behalf of each active member.

Prior to 1990, the City of Fort Wayne did not pay any portion of an active police officer's assessment into the pension fund on his or her behalf. However, in the agreement reached between the City of Fort Wayne and the Patrolman's Benevolent Association, Inc., the City of Fort Wayne agreed to pay 1/3 of the pension assessment during 1990, 2/3 of the pension assessment in 1991, and all of the assessment in 1992.

A retired police officer receives a pension based on 50% of the pay of a first class patrolman in the police department. IND. CODE § 36–8–6–9(b) (1990 Supp.). If the salary of a first class patrolman is increased or decreased, the pension will be proportionately increased or decreased. *Id.*

Appellees argue that the assessment paid into the retirement fund by the City of Fort Wayne constitutes salary and, therefore, pension benefits should be based on an amount which includes the assessment. The City of Fort Wayne, on the other hand, believes that the assessment is not salary, but is more in the nature of a fringe benefit, upon which retirement benefits are not calculated.

The trial court, upon summary judgment motion, agreed with the plaintiffs that the City of Fort Wayne must include the assessment paid by the City of Fort Wayne, on behalf of the active police officers, into the 1925 Police Pension Fund as a part of the salary of such police officers for pension computations.

■ Appellees correctly recite the proposition that although a payment may be designated by a term other than "salary," in this case retirement fund assessment,

this does not necessarily mean that the payment is not "salary." The Court in *Kilfoil, Mayor, etc., et al. v. Johnson etc.* (1963), 135 Ind.App. 14, 191 N.E.2d 321, in finding that longevity payments were a part of "salary" and should be included in computing pension benefits, stated that although a portion of monthly wages is designated by a name other than salary, it should be considered as a part of the fireman's total salary.

The longevity pay cases, in which the court held that longevity pay falls within the salary formula for computing pension benefits, are cited by appellees in support of their argument that the pension fund assessment paid by the City of Fort Wayne should be included in the computation of retirement benefits. *Kilfoil, id.; Orban et al. v. Allen et al.* (1968), 143 Ind.App. 513, 241 N.E.2d 378. However, as noted by the Court in *Hilligoss et al. v. LaDow et al.* (1977), 174 Ind.App. 520, 368 N.E.2d 1365, these cases only apply to pension computations involving longevity pay and are not authority for the proposition that other forms of compensation necessarily constitute salary. *Id.* at 527, 368 N.E.2d at 1370.

> "Longevity pay is not merely additional compensation. Unlike fringe benefits and other forms of added compensation, longevity pay is an integral part of the individual employee's regular salary, whether or not the city appropriation ordinance designates it as such."

*Id.*

■ Appellees contend that the definition of "salary" is unclear. In asking this Court to interpret the language of the statute, appellees aver that the statute should be liberally construed in favor of the retirees. *Kilfoil, supra.* However, as the Court in *Hilligoss* pointed out, the rule to liberally construe pension statutes was never meant to be applied indiscriminately. The purpose underlying the pension program must be considered. *Hilligoss, supra,* at 528, 368 N.E.2d at 1370.

1. Indiana's statute uses the term "patrolman." However, a gender neutral term would be more appropriate.

In defining salary to not include insurance programs and clothing allowances, the *Hilligoss* Court adopted a more restrictive meaning of salary. The Court held that these benefits were not salary in the sense of a fixed amount payable at stated intervals. The benefits represented another form of compensation distinct from the employee's regular salary. *Id.* at 525, 368 N.E.2d at 1368. Therefore, salary was not to include all forms of compensation, only that remuneration which is paid on a regular and periodic basis in exchange for services. *Id.* at 530, 368 N.E.2d at 1371.

Appellees rely on this language in support of their argument that the retirement fund assessment must be included in computation of pension benefits since the City of Fort Wayne makes "two (2) distinct payments bi-monthly on behalf of each active police officer[.]" However, as the *Hilligoss* court stated when discussing the liberal construction rule regarding pension funds, this rule is not a license to read into the act obligations against pension trust funds and the taxpayers which the legislature did not intend. *Id.* at 528, 368 N.E.2d at 1370.

By analogy, the same is true in this case. When the *Hilligoss* Court defined "salary," it was not considering the facts as presented in this case. This Court will not take the *Hilligoss* language defining salary out of context and blindly apply it to the case at hand. To do so would force this Court to read into the pension fund act obligations which were never intended.

IND.CODE § 36–8–1–11 (1988 Ed.) provides that the salary of a first class patrolman means "the base salary of a patrolman or firefighter plus all longevity increases, ... but does not include remuneration or allowances for fringe benefits, incentive pay, holiday pay, insurance, clothing, automobiles, firearms, education, overtime, or compensatory time off." Additionally, "[r]emuneration or allowances for fringe benefits, incentive pay, holiday pay, insurance, clothing, automobiles, firearms, education, overtime, or compensatory time off may not be used in the computation of benefits" in the 1925 Police Pension Fund. IND.CODE § 36–8–6–19(a) (1988 Ed.).

Appellees contend that since the legislature did not amend IND.CODE § 36–8–6–19 to expressly exclude retirement fund assessments from the computation of benefits, then the assessment was intended to be included in the computation of "salary." However, it was not necessary for the legislature to amend the statute to expressly exclude retirement fund assessments, since such a payment falls under the classification of a fringe benefit. The ordinary meaning of "fringe benefit," although not defined statutorily, can be found in the dictionary:

> "[A]n employment benefit (as a pension, a paid holiday, or health insurance) granted by an employer that involves a money cost without affecting basic wage rates."

Webster's Third New International Dictionary (1964), p. 912.

Clearly, the pension fund assessments paid by the City of Fort Wayne are a fringe benefit provided by the City of Fort Wayne. This fringe benefit is similar to health insurance fringe benefits provided by employers. *Hilligoss, supra.* In fact, other courts have recognized that employer-paid pension contributions are in the nature of a fringe benefit and are not to be considered salary. *See Hodnett v. Monroe City School Board* (1972), La.App., 270 So.2d 598; *Brasher v. Chenille* (1971), La. App., 251 So.2d 824.

In conclusion, pension benefits are, as a matter of law, not included in salary and, therefore, should not be included in the computation of pension benefits. The trial court erred in granting summary judgment to the appellees.

Reversed and remanded with instructions to enter summary judgment in favor of the City of Fort Wayne.

STATON and CHEZEM, JJ., concur.