FRATERNAL ORDER OF POLICE, LODGE 73, John Haller, Charles Patton, and Earl Chapman, on Behalf of Themselves and All Other Retirees of the Evansville Police Department Similarly Situated, Appellants–Petitioners,

v.

CITY OF EVANSVILLE, Indiana and The Public Employees Retirement Fund, Appellees–Respondents.

No. 82A01–0311–CV–442.

Court of Appeals of Indiana.

June 3, 2004.

Charles L. Berger, Jennifer L. Ulrich–Keppler, Berger and Berger, Evansille, IN, Attorney for Appellant.

Robert W. Rock, Evansville, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

The Fraternal Order of Police ("FOP") appeals the trial court's grant of the City of Evansville's ("the City") motion for summary judgment. We reverse.

### Issue

The FOP raises two issues for our review, which we consolidate and restate as whether the trial court properly granted the City's motion for summary judgment.

### Facts and Procedural History

In 2000, the FOP entered into a collective bargaining agreement ("CBA") with the City. The CBA contained, *inter alia*, an "Equal Pay for Equal Work" provision, which read,

> Equal Pay for Equal Work—A First Class Police Officer assigned to the Criminal Investigation division will have his salary upgraded to that of a corporal[ 1]. Said corporal[']s salary to be the

---

1. A corporal is one rank above a first-class patrolman and receives a salary of eight per-

cent above that of a first-class patrolman's.

one that coincides with the officer[']s "Years of Service" category in the pay schedule. Should said officer be assigned to second or third shift, the officer will receive the appropriate night bonus. This salary upgrade shall remain in effect until said officer is transferred out of the Criminal Investigation division.

Appellants' Appendix at 63. The parties to the CBA included this provision to ensure that first-class patrolmen who performed the same duties as corporals in the Criminal Investigation division were awarded the corresponding wages of corporals.

John Haller, Charles Patton, and Earl Chapman (collectively, "the Retirees") are retired members of the Evansville Police Department ("the Department"). During their employment with the Department, the Retirees participated in the Police Pension Fund ("the Fund"). The Retirees currently receive pension benefits under the Fund. The City calculates its police pension benefits based upon the salary of a first-class patrolman with at least twenty years of service.

In 1999, the Retirees and the FOP sued the City and the Indiana Public Employees Retirement Fund to recover additional retirement benefits. More specifically, the Retirees and the FOP argue that the City incorrectly calculated their police pension benefits because the City did not base the pension benefits upon the salary of a first-class patrolman with at least twenty years of service who receives corporal pay. The City subsequently moved for summary judgment. After oral arguments on the motion, the trial court granted the City's motion for summary judgment after concluding that corporal pay is an incentive pay or bonus and should not be considered as "salary." This appeal ensued. Additional facts will be provided as necessary.

## Discussion and Decision

The FOP and the Retirees argue that the trial court improperly granted the City's motion for summary judgment. We agree.

### I. Standard of Review

When reviewing a grant or denial of summary judgment, our standard of review is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Where the dispute is one of law rather than fact, our standard of review is de novo. The issues presented in this appeal are issues of law, not fact, and will be reviewed accordingly.

*Embry v. O'Bannon*, 798 N.E.2d 157, 159 (Ind.2003) (internal citations omitted).

### II. Corporal Pay

Police pensions are payable based upon a percentage of the monthly salary of a first class patrolman. Ind.Code § 36–8–8–11. The "salary of a first class patrolman" has been defined by statute as the following:

the base salary of a patrolman ... plus all longevity increases, if provided by the employer, for service of twenty (20) years or less but does not include remuneration or allowances for fringe benefits, incentive pay, holiday pay, insurance, clothing, automobiles, firearms, education, overtime, or compensatory time off.

Ind.Code § 36–8–1–11(a).

In *Kilfoil v. Johnson*, 135 Ind.App. 14, 191 N.E.2d 321 (1963), retired firefighters and widows of retired firefighters (collectively, "retirees") who were collecting pensions sued the City of Vincennes because the City did not include longevity pay (pay that is based upon the number of years of service) in the calculation of a first class

fireman's wages for the purpose of determining pensions. The trial court found for the retirees because "a fully paid first class fireman is that first class fireman receiving the highest monthly wage or monthly compensation being paid to *any* first class fireman working in the same Fire Department and City as himself." *Id.* at 323 (emphasis added). On appeal, we held the trial court's decision correctly construed the relevant statutes involving the Firemen's Pension Fund. *Id.* at 325.

In *City of Vincennes v. McCarter,* 142 Ind.App. 493, 236 N.E.2d 76 (1968), retired policemen and widows and children of retired policemen (collectively, "retirees") to whom pensions were owed sued the City of Vincennes, claiming that the City was required to compute their pensions based on the actual remuneration received by the *highest paid* first-class patrolman, rather than on the basis of the salary of a first-class patrolman. The difference between the amounts of the two salaries was based on longevity pay. Relying on *Kilfoil* as precedent, we held "pensions should have been computed on the basis of the highest paid first class patrolman...." *Id.* at 78.

Citing to *McCarter* for support, the Retirees and the FOP contend their police pension benefits were incorrectly calculated because they were not based upon the salary of the highest paid first class patrolman, as mandated by *McCarter,* because the highest paid first class patrolman would be a first class patrolman who received corporal pay. The City counters that it correctly calculated the pension benefits by not basing the benefits upon the salary of a first class patrolman who received corporal pay because corporal pay is an incentive pay, or bonus, which is specifically excluded under the statute from the calculation of pension benefits.

We agree with the Retirees and the FOP. We held in *McCarter* that pension benefits are to be calculated based upon the salary of the *highest paid* first-class patrolman. Additionally, in *Kilfoil,* we upheld the trial court's conclusion that "a fully paid first class fireman is that first class fireman receiving the highest monthly wage or monthly compensation being paid to *any* first class fireman working in the same Fire Department and City as himself." *Kilfoil,* 191 N.E.2d at 323 (emphasis added). Because it is undisputed that first class patrolmen receiving corporal pay are still considered first class patrolmen, the trial court erred in concluding that corporal pay is not within the base salary of a patrolman for purposes of calculating police pension benefits.

Furthermore, corporal pay is not an incentive pay or bonus. The reason first class patrolmen in the Criminal Investigation division receive corporal pay is because they perform the same duties and share the same responsibilities as corporals in that division. The "equal pay for equal work" provision in the CBA required that these first class patrolmen be compensated for their duties and responsibilities. Therefore, corporal pay is not an incentive given to "encourage" conduct, but rather is an adjustment mandated by the "equal pay for equal work" provision in the CBA.

### Conclusion

Because the City should have calculated the police pension benefits based upon the salary of a first class patrolman receiving corporal pay, we reverse the trial court's grant of the City's motion for summary judgment and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

SHARPNACK, J., and DARDEN, J., concur.