BELANGER and others, Appellants, vs. LOCAL DIVISION No. 1128, AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY & MOTOR COACH EMPLOYEES OF AMERICA and others, Respondents.

*December 2—December 30, 1949.*

*McGill & Leveroos* of Superior, for the appellants.

*Barney B. Barstow* and *Johnson, Fritschler & Barstow,* all of Superior, for the respondents.

FRITZ, J.  A declaratory judgment in favor of the plaintiffs in their action against the defendants was affirmed on March 8, 1949, by this court on the defendants' appeal from that judgment.  (*Belanger v. Local Division No. 1128,* 254 Wis. 344, 36 N. W. (2d) 414.)   In their complaint in that action plaintiffs prayed that the court adjudge that the seniority provisions of a collective-bargaining agreement entered into in 1947 were null and void, and that the union and its

officers and the bus company be enjoined from in any way giving or attempting to give effect to a new seniority list provided for in the 1947 collective-bargaining agreement, or from doing any act that would in any way interfere with the seniority rights of the plaintiffs under a compromise agreement entered into on April 6, 1937. The trial court, by a judgment entered July 9, 1948, adjudged that the provision in the 1947 collective-bargaining agreement was void and of no effect, and in connection therewith the court granted plaintiffs the injunction prayed for. However, on defendants' motion the court, on September 7, 1948, ordered that the provisions of the judgment restraining any of the parties from putting into effect a compromise seniority list of 1946 should be stricken from the judgment; and on September 7, 1948, an order was entered eliminating any reference to an injunction in the judgment. The defendant union and its officers appealed from the judgment as thus amended. But plaintiffs did not serve upon the defendants any notice under sec. 274.12, Stats., for a review of the court's ruling striking out the provision for injunctive relief. On March 8, 1949, this court affirmed the judgment as amended.

On June 7, 1949, in said action for declaratory relief, plaintiffs, for the purpose of securing supplemental relief under sec. 269.56 (8), Stats., obtained an order requiring defendants to show why the bus company should not be required to place the seniority agreement of April 6, 1937, into effect forthwith, and why such other and further supplemental relief as may be just should not be granted to plaintiffs pursuant to sec. 269.56 (8), Stats. Thereupon the bus company filed an affidavit stating that the contract between it and the defendant union, which was in effect at the time the action was started in 1947, had since been terminated, and that there was in effect at the date of the affidavit a contract dated September 1, 1948, which terminated August 31, 1949. The circuit judge decided on July 22, 1949, that the new 1948 contract, not having been before the court or the subject of

litigation, the court had no right to put into effect the 1937 agreement instead of the 1948 agreement; and that if the court had made the order requested by plaintiffs it would, in effect, be an injunction, or have the same effect as an injunction, and he questioned whether he had this power in view of the provisions of sec. 103.56 (1), Stats., (limiting the issuance of injunctions in labor disputes), and also in view of the fact that the judgment did originally contain an injunction, which the circuit court ordered stricken from the judgment on a rehearing. On August 5, 1949, the court denied plaintiffs' motion for an order requiring the bus company to place the seniority agreement of April 6, 1937, into effect and for other and further relief. From the order denying that motion plaintiffs duly noticed and perfected their appeal to this court. On defendants' motion to dismiss that appeal, they contend that the questions sought to be raised by plaintiffs on their appeal are now moot because in this action there is involved the validity of a seniority provision in the 1947 collective-bargaining agreement which terminated subsequent to the commencement of the action; and a new agreement became effective September 1, 1948, and another agreement is now in the process of negotiation; and that the 1947 agreement being no longer in effect renders the questions in this case moot.

Defendants' contention cannot be sustained at the present stage of this appeal. In sec. 269.56 (8), Stats., of the Declaratory Judgment Act, it is expressly provided that:

"*Supplemental relief.* Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application be deemed sufficient, the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

In the declaratory judgment, affirmed in the former appeal, the seniority contract of April 6, 1937, was held valid and effective as against later attempts by defendants to change the same, without plaintiffs' consent, by subsequent collective-bargaining contracts and thereby avoid the provisions of the April 6, 1937, contract in relation to plaintiffs' rights thereunder. Consequently, they were entitled under sec. 269.56 (8), Stats., to have, on their application for supplemental further relief, a hearing and an adjudication as to whether they had the right to have specific performance in relation to their rights under and by virtue of the contract of 1937; and upon the trial court's denial thereof were entitled to appeal from and have a review of the adjudication in question. In relation to the jurisdiction of the court to grant supplemental relief after the entry of judgment in an action under sec. 269.56 (8), Stats., there are in point the following statements and conclusions in *Morris v. Ellis,* 221 Wis. 307, 315, 266 N. W. 921,—

"The contention is that sec. 269.56 (8) does not authorize the retention by a court of any jurisdiction after entering a declaratory judgment. True, it does not, but it does not follow that a court may not retain jurisdiction to enter such subsequent orders as will make effective the declaratory relief. An action for declaratory relief is essentially equitable in character. *Rosenberg v. Whitefish Bay,* 199 Wis. 214, 225 N. W. 838. The power of a court of equity to retain jurisdiction to give complete and effectual relief is well established. Further than this, it is clear that the statute authorizes the granting of further relief upon petition, and the question whether a court should retain jurisdiction or merely await a proper petition would seem to be rather academic.

"The intimation that the supplemental relief contemplated by the statute is limited to further declaratory relief cannot be sustained. It includes any relief essential to making effective the declaratory judgment entered by the court. See Borchard, Dec. Judg. (1934), p. 172; 11 Ind. Law Rev. 376."

Consequently the motion to dismiss the appeal must be denied.

*By the Court.*—Motion denied.