SWANN, Judge.
A final declaratory decree was entered by the Honorable Charles A. Carroll on July 31, 1953. The decree contained certain findings concerning the foreshore of the Atlantic Ocean within the city limits of Miami Beach, Florida and held:
“That the defendant City of Miami Beach, its councilmen, agents, employees and attorneys be and they and each of them are enjoined and restrained from granting to any upland or riparian owner of property along the Atlantic Ocean or to any other person, a permit or authority to construct a sea wall, bulkhead, fill or other structure, on or across the foreshore of the Atlantic Ocean as the same exists and is located today and as the same shall exist and be located from day to day, being that area lying east of the existing high-water mark of the Atlantic Ocean.
Inasmuch as such construction, of the character which enjoined in the preceding paragraph, previously was permitted by the city only upon permit and thus was controlled by the city through the device of building permits, this injunction against the city’s granting or continuing to grant such permits shall be construed to be an order that the city shall control such construction and not permit the same either by the granting of permits or without its permits.” (Emphasis added.)
Jurisdiction of the cause was reserved to make such other and further orders as might be necessary or proper. See Belanger v. Local Division No. 1128, 256 Wis. 274, 40 N.W.2d 504 (1949) and Morris v. Ellis, 221 Wis. 307, 266 N.W. 921 (1936). About 17 years later, on April 14, 1970, Richard E. Gerstein, as State Attorney, filed a petition, alleging that he was the duly acting successor of the original plaintiff. He sought a rule to show cause against the City of Miami Beach and each of the members of its city council directing them to show cause why they should not be held in contempt for failing to comply with the aforesaid injunction and requested additional injunctive relief, both prohibitory *172 and mandatory. The rule to show cause issued and was served. Jay Dermer, May- or of the City, filed an answer, counterclaim, and motion in response thereto. Dermer’s answer admitted the material allegations of the petition; his motion requested that he be transferred from a party defendant to a party plaintiff and in his counterclaim he sought affirmative relief against the City. Jerome G. Greene, a city councilman, adopted the answer, counterclaim, and motion filed by Dermer. Later, Earl Faircloth, Attorney General for the State of Florida, petitioned for and received leave to intervene in the cause. The City filed a motion to quash the petition and for discharge of the rule to show cause. After various pleadings and much skirmishing, the trial court entered its order on motions and pleadings. The City of Miami Beach and various councilmen of the City of Miami Beach have taken an interlocutory appeal to review various rulings which were contained in that order.
The City and the various councilmen assert that the trial court erred in (1) not quashing the petition and discharging the rule to show cause; (2) in construing the petition and rule as a motion for supplemental relief under § 86.061, Fla.Stat., F. S.A.; (3) in failing to strike portions of the petition and rule; (4) in failing to strike or dismiss the counterclaims of Dermer and Greene; (5) in permitting Dermer and Greene to transfer from party defendants to party plaintiffs; and (6) in permitting Faircloth to intervene and to file a declaratory decree.
The order appealed herein reserved ruling on the motion to quash the rule to show cause and the motion to strike portions of the petition and on the motion to strike and dismiss the counterclaims of Dermer and Greene. We cannot hold a trial judge in error for a ruling which he has not made. See Beck v. Barnett National Bank of Jacksonville, Fla.App.1960, 117 So.2d 45. Since he has not ruled on these motions we do not pass on these questions.
The pleadings sought, in addition to a ruling of contempt, the following relief against the defendants:
“ * * * why they should not be further restrained from taking any actions which would violate the public’s rights to the use and enjoyment of the beaches and foreshore along the Atlantic Ocean in Miami Beach, Florida and why they should not be further directed to take such actions as may be necessary to prevent any structures from remaining or being built on such foreshore which would deny the public the use and enjoyment of the beaches and such foreshore.”
Paragraph (e) of the challenged order provided:
“(e) As to all other relief requested by the rule to show cause and the petition therefor this court will treat and construe the same as a motion and rule to show cause for supplemental relief under Chapter 86.061 of the Florida Statutes for the implementation and enforcement of the injunction entered herein on July 31, 1953.”
Section 86.061, Fla.Stat., F.S.A. provides :
"Supplemental relief. — Further relief based on a declaratory judgment may be granted when necessary or proper. The application therefor shall be by motion to the court having jurisdiction to grant relief. If the application is sufficient, the court shall require any adverse party whose rights have been adjudicated by the declaratory judgment to show cause on reasonable notice, why further relief should not be granted forthwith.”
The challenged order does not appear contrary to the terms of this statute. The statute authorizes in a proper case an additional and distinct adjudication based upon and supplemental to the declaratory decree. Thomas v. Cilbe, Fla.App.1958, 104 So.2d 397. Such supplemental relief may be that which is necessary to make effective the declaratory decree or judgment. Koscot *173 Interplanetary, Inc. v. State ex rel. Conner, Fla.App. 1970, 230 So.2d 24.
We hold that there was no error committed in this ruling. See South Dade Farms v. Peters, Fla.1958, 107 So.2d 30. See generally 2 Anderson, Declaratory Judgments § 451 (2 ed. 1951).
We find no error in that part of the order which permitted Dermer and Greene to be transferred from party defendants to party plaintiffs, as it was conditioned on proof that they had not violated or participated in any violation of the final injunctive order of July 31, 1953. Cf. Jefferson Realty of Fort Lauderdale, Inc. v. United States Rubber Co., Fla.1969, 222 So.2d 738; Field v. City of Fort Lauderdale, Fla.App.1969, 227 So.2d 530; and Rules 1.210(a) and 1.250(b) and (c), R.C. P., 30 F.S.A.
We find no abuse of judicial discretion in that part of the order which permitted the Attorney General to intervene in the cause in his capacity as Attorney General of the State of Florida. Switow v. Sher, 136 Fla. 284, 186 So. 519 (1939); and § 16.01, Fla.Stat.
Paragraph (f) of the order is said to be erroneous. It provides:
“(f) that the motion of the Attorney General to file a Declaratory Decree action in this cause be and the same shall be granted and approved for filing but the same shall be severed from the proceedings filed by the State Attorney.”
Rule 1.230, R.C.P. provides:
“Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.”
The intervention by the Attorney General must have been in recognition of the propriety of the main proceeding as there was no order otherwise by the trial court. Having recognized the propriety of the main proceeding we see no authority, reason, or necessity for the filing of another declaratory decree by the Attorney General in the cause even though the order contained a proviso that it should be severed from the proceedings filed by the State Attorney. The original declaratory decree determined and adjudicated certain legal rights. If the Attorney General desires to join in, or seek supplemental relief as to these adjudicated legal rights, that is a different situation. We see no necessity for his seeking another declaratory decree in a cause that has already been adjudicated. If supplemental relief is proper under that adjudication it may be obtained upon proper pleadings and proof but not by an attempt to readjudicate those issues already determined. See Oster v. Cay Construction Company, Fla.App. 1967, 204 So. 2d 539.
We, therefore, reverse that portion of the order which permitted the Attorney General of Florida to file a suit for a declaratory decree in this cause. We affirm the other portions of the order which ruled upon those matters set forth herein. We do not pass on those portions of the order which reserved rulings on certain issues.
Affirmed in part and reversed in part.