LAWRENCE BUELL *v.* BUDGET RENT-A-CAR OF INDIANA, INC.

[No. 1270A285. Filed January 28, 1972.]

*Harold H. Kohlmeyer, Jr.,* corporation counsel, *Carl G. Winter,* of Indianapolis, for appellant.

*Marvin T. Bornstein,* of Indianapolis, for appellee.

SULLIVAN, J.—This appeal arises from a declaratory judgment action brought by plaintiff-appellee, the taxpayer, which resulted in a determination of the total amount of personal property taxes due and owing by the taxpayer for the taxable years 1963 through 1968.

Demand was made by defendant-appellant, Treasurer, purportedly pursuant to IC 1971, 6-1-53-1, Ind. Ann. Stat. § 64-2132 (Burns 1963), for taxes, penalties and interest in the amount of $14,469.00. Said section provides as follows:

"Annually, after the first Monday in November and prior to the first day in August of the succeeding year, each county treasurer shall make one (1) demand by registered or certified mail or by call, in person or by deputy, upon every resident of the county who has not paid the personal property and poll taxes owing by him, for the amount of such delinquent taxes with penalties and the costs of the demand. Such demand shall be in writing and shall contain a statement showing that the taxpayer is delinquent in the payment of the taxes, the amount of the delinquency with penalties and the cost of the demand, and that if such amount is not paid within thirty (30) days from the date of the demand sufficient personal property of the taxpayer shall be sold to satisfy such amount or that a judgment may be entered against him in the circuit court of the county as provided by section 501 of this act."

The transcript shows that the Treasurer did not proceed against the taxpayer for any of the prior years in question until March 5, 1970, at which time a demand was made for the entire amount allegedly due and owing. When the taxpayer refused to satisfy the Treasurer's demand, the latter levied upon the taxpayer's personal property under date of April 28, 1970, claiming authorization by reason of IC 1971, 6-1-53-2, being Ind. Ann. Stat. § 64-2133 (Burns 1963), which provides as follows:

"If the delinquent taxes with penalties and costs of the demand are not paid within thirty (30) days from the date of the demand required by section 301 [64-2132], the county treasurer shall proceed to levy upon sufficient personal property of the taxpayer to pay such amount, and to sell the same as hereinafter provided.

The county treasurer shall levy upon personal property within the meaning of this act by calling upon the delinquent taxpayer at his residence of place of business and making a duplicate list of all of his personal property, one (1) copy of which he shall keep and the other of which he

shall deliver to the delinquent taxpayer. The county treasurer may require the delinquent taxpayer to give a list under oath of all the personal property owned by him, and the names of the owners of other personal property in his possession. If the delinquent taxpayer fails to provide such list, the county treasurer shall file a petition in the circuit court of the county setting forth the facts, and such circuit court shall order the delinquent taxpayer to provide the list.

The personal property included in the levy shall be appraised by the county treasurer and it shall be subject to sale for the payment of the delinquent taxes, penalties and costs without further notice to the delinquent taxpayer."

Upon the taxpayer's request, the trial court granted a restraining order to preclude the Treasurer from collecting the taxes in issue pending the outcome of the declaratory judgment suit.

Following argument upon the Treasurer's motion to dissolve the restraining order the trial court found that the taxpayer was indebted to the Treasurer for the taxable years 1963 through 1968. The court concluded, however, that conditions existed justifying abatement of penalties for delinquencies with the exception of $150.34 attributable to taxable year 1968 payable in 1969. Judgment was entered ordering the taxpayer to pay the sum of $10,508.43.

The Treasurer presents two issues for our consideration upon appeal:

1. Does the judgment of the trial court conform to the pleadings and proof?
2. If the judgment were held to be correct, would it have the effect of foreclosing the Treasurer from collecting delinquent property taxes?

The Treasurer contends that the judgment entered was a money judgment, whereas the complaint was solely for declaratory relief to determine whether taxes were due and if so to determine the method to be used for collection. It is the Treasurer's position, therefore, that

the judgment did not conform to the pleadings. In answer to such contention, suffice it to say, a plaintiff is not rigidly limited to argue only the theory of recovery set out by him in his complaint. *Wyler* v. *Lilly Varnish Co., Inc.* (1969), 146 Ind. App. 91, 252 N. E. 2d 824; 1 *Harvey Indiana Practice* § 8.2, p. 479.

Because the precise questions before us have not been heretofore raised in a similar context for appellate judicial determination, we are relegated to the position of deciding them as a matter of first impression. The determination below was confined by the Treasurer's motion to dissolve the restraining order, together with briefs filed and oral argument made with respect thereto.

The trial court was justified in finding that while $3,961.17 had been assessed as penalties and costs for the past years, all but $150.34 (representing the tax year 1968 payable in 1969) must be abated by reason of the Treasurer's failure to make any demand prior to March 5, 1970, for past taxes due. The Treasurer has admitted as much both in his brief on the motion to dissolve the restraining order and again in his brief filed on appeal wherein he states:

> "Treasurer complied with all provisions of the statute [I.C. 1971, 6-1-53-1, Burns § 64-2132, *supra,*] with the possible exception of not proceeding further in earlier years.'

To reiterate, it is clear that the Treasurer did not exhaust appropriate administrative steps to permit imposition of penalties for prior years inasmuch as all demands by him on the taxpayer are under date of March 5, 1970.

The Treasurer argues, however, that the penalty for the prior years cannot be abated because of I.C. 1971, 6-1-60-3, being Ind. Ann. Stat. § 64-2063 (Burns 1963) which provides:

> "If the tax for any year or years on any property liable to taxation can not be collected by reason of any erroneous

proceeding, the amount of such *tax* shall be added to the amount to be collected in the next succeeding year." (Emphasis supplied.)

It is the Treasurer's position that if the penalty were abated, he would be precluded from collecting delinquent property taxes, since the total amount includes both tax and penalty.

We are of the opinion that the code section above quoted serves a twofold purpose: First, it makes clear that there is no statute of limitations relative to the collection of taxes, and secondly, it permits only "taxes," not penalties, to be carried forward by the Treasurer. In this connection, we agree with the trial court's holding that the taxpayer was indebted to the Treasurer for the taxable years 1963 through 1968 in the sum of $10,508.43, which included the actual tax due together with the penalty for 1968 payable in 1969. We cannot agree with the Treasurer that he is precluded by the judgment below from pursuing his remedies to collect delinquent taxes in the future. The amounts representing tax and penalty are clearly separable. The code section simply precludes him from carrying penalties forward when he has failed to make a proper timely demand.

Insofar as alternative remedies are concerned, once a demand has been made pursuant to I.C. 1971, 6-1-53-1, Burns § 64-2132, *supra,* the Treasurer may elect to pursue one of two methods to satisfy the debt. He can either wait thirty (30) days and failing satisfaction of the liability, levy upon the taxpayer's personal property by virtue of I.C. 1971, 6-1-53-2, Burns § 64-2133, *supra,* or he may elect not to levy and instead wait sixty (60) days, and upon the taxpayer's failure to make full payment, prepare a record of the delinquency and file it with the Clerk of the Circuit Court pursuant to I.C. 1971, 6-1-55-1, being Ind. Ann. Stat. § 64-2171 (Burns 1963). The Circuit Court in turn must give this obligation of record the same effect as if a judgment had been

entered. From the date of the filing of the record of delinquency, the amount due draws interest in lieu of penalty.

If a demand is made for two or more taxable years for which no previous demand has been made and the Treasurer elects to file the record pursuant to I.C. 1971, 6-1-55-1, Burns § 64-2171, *supra,* the principal amount upon which interest accrues is limited to the current year's delinquency. This is consistent with our construction of I.C. 1971, 6-1-53-1, Burns § 64-2132, *supra,* requiring that the Treasurer make an annual demand for delinquent taxes, and with our interpretation of I.C. 1971, 6-1-60-3, Burns § 64-2063, *supra,* which allows only "taxes" to be carried forward in the event of an erroneous proceeding.

We do not recommend that a trial court enter judgment as was done below based upon "evidence" extracted through briefs and argument upon a motion collateral to the issues of ultimate liability. If we were to reverse for this reason, however, we would compel the trial court upon remand to consider the very matters it had before it upon the motion to dissolve the restraining order. Such consideration would necessarily require entry of the same judgment. Thus, in keeping with A.P. 15(M) and with prior holdings of this court, and in order to avoid undue expense and delay, the decision of the court below is hereby affirmed.

White, P.J. and Buchanan, J., concur.

NOTE.—Reported in 277 N. E. 2d 798.