**CITY OF MISHAWAKA, et al.,**
**Defendants-Appellants,**

v.

**Quinto SQUADRONI, et al.,**
**Plaintiffs-Appellees.**

**No. 3–485A110.**

Court of Appeals of Indiana,
Third District.

Dec. 26, 1985.

Rehearing Denied Feb. 14, 1986.

John P. Gourley, James J. Olson, Mishawaka, for defendants-appellants.

Timothy W. Woods, South Bend, for plaintiffs-appellees.

HOFFMAN, Judge.

Appellants, the City of Mishawaka, its Mayor, Fire Chief and Police Chief, all in their official capacities, and the Boards of Trustees of the City's Firemen's and Policemen's Pension Funds (collectively referred to herein as the City) appeal the adverse judgment rendered in favor of appellees Quinto Squadroni, et al. (retired firemen and policemen and/or their dependents, referred to as the retirees herein), requiring the City to recompute the pension due the retirees for the years 1978, 1979 and 1980, and awarding a judgment to the retirees for the difference between the pensions paid them and the pensions due them as determined by the recomputation for those three years and for all subsequent years. The evidence most favorable to the judgment is as follows.

In 1977, discussions took place between the City, the Fraternal Order of Police, Lodge 91, and the Mishawaka Fire Fighters, Local 360, regarding an incentive bonus plan for police and firefighters. The 1978 wage package probably would not have been accepted if some incentive bonus program was not going to be implemented. The original draft of an incentive bonus ordinance was not passed because the city council was concerned that it might be construed as a longevity pay plan and thus would be applicable in the computation of the retirees' pension benefits. The ordinance was rewritten and introduced as Ordinance No. 2120. It was designed to provide the incentive pay plan required by the unions, and was proposed and drafted by the unions.

The heading of Ordinance No. 2120 stated: "AN ORDINANCE CREATING AN INCENTIVE BONUS PROGRAM AND AN INCENTIVE BONUS COMMITTEE FOR THE POLICE DEPARTMENT AND THE FIRE DEPARTMENT." Section 1 of the ordinance created the incentive bonus committee and Section 2 created the incentive bonus program. Section 2 provided:

" ... with payment to be made to members of the department who are otherwise eligible according to the standards established by this ordinance and who have more than five (5) years of service.... The Incentive Bonus Committee of each department shall determine which members of the department are eligible for the bonus according to the standards established by this ordinance, which standards shall include the following factors:

1. Departmental Rules and Regulations concerning appearance.

2. Participation in continuing education and training relating to each of the respective departments.

3. The presence or lack of unexcused absences from duty.

4. The presence or lack of disciplinary infractions or violations.

5. Commendations from the Mayor, Chief, citizens or local Service Bodies or Organizations."

The ordinance was adopted and became effective retroactive to January 1, 1978.

The administrative personnel for the respective departments prepared budgets for the incentive bonuses from seniority lists, using the date each employee was hired, and forwarded a list of eligible employees to the incentive bonus committee. The administrative personnel did not receive any communications from the incentive bonus committee during those years, and the incentive bonus budget was expended in 1978, 1979 and 1980. Every police officer and firefighter who had completed five or more years of service during those years received the incentive bonus. The City, in response to the retirees' request for admissions, stated that "[d]isciplinary action [sic] taken against members were considered but were found not to be of such a serious nature as to be able to deny any such member his incentive bonus." However, there is no evidence that the bonus committee did meet or function until sometime after March 12, 1980, when it began to meet on a quarterly basis.

On March 10, 1981, a list of criteria was published for all police officers and firefighters. This list clarified the criteria stated in Ordinance No. 2120 to be used in awarding incentive bonuses.

On March 25, 1980, the retirees instituted this lawsuit. The retirees alleged that the City was failing to include in their pension benefits, pay to First-Grade Patrolmen based on length of service. They contend that Ordinance No. 2120 has been administered as a longevity pay program since its inception, and that as a result, their pension benefits for the years 1978, 1979 and 1980 should be recomputed and that all future pension benefits need to be computed using the pay to a First-Grade Patrolman based on length of service.

After trial, the trial court entered its findings of fact and conclusions of law. The City challenges the judgment raising the following issues for this Court's consideration:

(1) whether the retirees' claim is precluded by their failure to file a notice of claim as required by the Indiana Tort Claims Act (ITCA);

(2) whether the findings of fact and conclusions of law are supported by the evidence;

(3) whether the City of Mishawaka, the Chief of the Fire Force, the Chief of the Police Department and the Mayor of the City were proper party-defendants to this lawsuit;

(4) whether the trial court erred in failing to find for the defendants on the issue of waiver and/or estoppel; and

(5) whether the trial court erred in not limiting its judgment to the years 1978, 1979 and 1980.

The City initially contends that the retirees' claim falls within the scope of the ITCA and since they failed to file a notice of claim within 180 days as required by the Act, they are precluded from recovering. IND.CODE § 34-4-16.5-1 provides that the ITCA applies only to a claim or suit in tort. Thus, in order to determine whether the ITCA applies to the retirees' claim, this Court must determine the character of their claim. *See: Indiana Dept. of Public Welfare v. Clark* (1985), Ind.App., 478 N.E.2d 699.

Pursuant to IND.CODE §§ 36-8-6-4 and 36-8-7-8, the funds for the police and firefighters' pension funds come from several sources, including gifts, proceeds from the sale of recovered property, penalties for violations of department rules, and deductions from salaries. Under such compulsory contribution plans, a police officer or firefighter has no vested rights in pension payments until retirement. *Klamm et al. v. State of Indiana ex rel. Carlson* (1955), 235 Ind. 289, 126 N.E.2d 487. When the statutory conditions for retirement, existing when the application for benefits is made, are met, and the award of the pension has been made, or as of right should have been made, the pensioner's interest becomes vested and takes on the attributes of a contract. *Klamm, supra; Aikens v. Alexander* (1979), Ind.App., 397 N.E.2d 319. Any disputes over the payments due

after the interest has vested are contract disputes. As the retirees herein have thus acquired a vested interest in their pension benefits, their claim is a contract claim. Therefore, the provisions of the ITCA do not apply.

■■■ The City next challenges several findings of fact and conclusions of law made by the trial court. This Court must determine only whether the findings and judgment are clearly erroneous. Ind.Rules of Procedure, Trial Rule 52(A); *First Fed. Sav. & Loan Ass'n v. Stone* (1984), Ind. App., 467 N.E.2d 1226. A finding or judgment is clearly erroneous only if a review of the record leaves this Court with a definite and firm conviction that a mistake has been made. *Milwaukee Guardian Ins. v. Reichhart* (1985), Ind. App., 479 N.E.2d 1340.

The first finding questioned provides: "3. Ordinance 2120 provided for payment of compensation in addition to base salary to eligible members of the two forces based on their length of service, i.e., in 1978 each eligible member of the force was paid $50.00 for each year of service over five (5), in 1979 each eligible member was paid $90.00 for each year of service over five (5), and, in 1980 and ever since each eligible member was paid $120.00 for each year of service over five (5)."

The City claims this finding is not supported by the evidence. However, the evidence establishes that such bonuses were to be paid to eligible employees and that the amount of the bonus was to be determined by the employee's length of service as found. It is evident, then, that Finding No. 3 is not clearly erroneous.

The City also contends that Findings Nos. 7–12 are clearly erroneous. Those findings provide:

"7. The committee created by Section 1 of the Ordinance did not meet or begin to function until March, 1980.

8. The standards established by Section 2 of the Ordinance were never published to the forces until March, 1981.

9. The standards established by Ordinance 2120 have never been *applied as such* by Incentive Bonus Committees.

10. The Incentive Bonus Committees in March, 1981, established criteria which differ from the standards established by the Ordinance.

11. Since January 1, 1978, the incentive bonus program established by Ordinance 2120 has either not been administered by Incentive Bonus Committees or has been administered in such a way that every member of each force with more than five (5) years service was eligible for and was paid the additional compensation provided by the Ordinance regardless of the standards established.

12. The additional compensation thus paid was compensation based solely on length of service."

■ The record reveals no evidence that the incentive bonus committees began to function until March 1980. While the City states in its brief that one of plaintiffs' witnesses testified that he knew such a committee was in existence, an accurate reading of the record discloses that witness's testimony to be that, "[a]ccording to the Ordinance, yes, there was a committee to review." This testimony does not reflect the witness's awareness that anything other than a committee existed on paper. Thus, Finding No. 7 is not clearly erroneous.

■ The record also shows that prior to March 1981, the standards to be used in determining which eligible employees would receive incentive bonuses were not published to the members of the fire and police departments. It is clear that Ordinance No. 2120 was a public document, but the court's Finding No. 8, that the standards were not published to the employees until March 1981, is not clearly erroneous.

■ There is no evidence that the bonus criteria were ever used prior to the time the bonus committees began to meet on a quarterly basis. After that time, there is evidence that the criteria had been considered but that individuals who had violat-

ed two or more of them merely had those violations lumped together under one factor heading, and therefore received their bonus. The evidence demonstrates that the trial court's finding on this point is not clearly erroneous.

■ The list of criteria which was published in March 1981, clarified the language of the Ordinance No. 2120 criteria. In addition to clarification, however, the list provided teeth with which the incentive bonus committees could operate. Without the additional information which was provided in March 1981, the guidelines, which the committees were required to use, were meaningless. The trial court's finding that the March 1981 list of criteria differs from the Ordinance's criteria, is therefore, not clearly erroneous.

■ The evidence further established that every police officer or firefighter who was eligible for an incentive bonus based on years of service, had received that bonus. Regardless of whether the incentive bonus committees were functioning at all or functioning properly, each eligible individual received the bonus, and that is precisely what is stated in Finding No. 11. Thus, that finding is not clearly erroneous.

■ Based upon all the evidence that the incentive bonuses were paid to every individual who met the length of service requirement, with very little or no consideration of the bonus criteria, the trial court found that the additional compensation paid was based solely upon length of service. From the light cast upon the incentive bonus program by the method it was administered, the trial court's finding is not clearly erroneous.

The City also contends that the trial court's conclusions of law are erroneous. The City's only argument on this issue is that the conclusions are clearly erroneous because they are based upon findings which are clearly erroneous. However, having previously determined herein that the trial court's findings of fact are not clearly erroneous, the City's argument fails. In addition, two of the challenged

conclusions are accurate statements of the law and the other two conclusions are supported by the findings and the evidence. Therefore, the trial court's conclusions of law are not clearly erroneous.

■ The City contends that the Mayor, Fire Chief and Police Chief were not proper defendants in this action and that the trial court erred in not dismissing those parties or finding for them. The City argues that the Boards of Trustees of the respective pension funds are the only proper defendants. However, under IND.CODE § 36-8-6-2, both the municipal executive and the police chief are members of that pension board. Pursuant to IND.CODE § 36-4-5-2, a city's mayor is its executive. Therefore, the Mayor and Police Chief are proper defendants in an action over the police pension fund. In addition, under IND.CODE § 36-8-7-3, the Fire Chief is a member of the Firefighters' Pension Fund. Thus, he is a proper defendant in an action over that fund.

■ The fourth contention of the City is that the trial court erred when it failed to find for the City on the issues of waiver and/or estoppel. The City argues that all of the retirees were members of the respective unions at the time the ordinance was written, discussed and approved, whether they were retired or active members. Therefore, the City concludes, the retirees should either be deemed to have waived any right or be estopped from asserting any right to challenge the application of the incentive bonus plan and its effect upon them. This contention, however, contains one flaw. The retirees are not contesting the ordinance itself, into which they may have had some input. What the retirees are contesting is the way a non-existent or ineffective bonus committee is administering the incentive bonus plan, and that such method of administration is changing the character of the incentive bonus plan to that of a longevity pay plan. This change has a direct financial impact upon the retirees, one that could not have been foreseen in 1977, and therefore, the trial court

did not err when it failed to find for the City on the question of waiver or estoppel.

 The City further contends that the trial court erred in not limiting the judgment to the years 1978, 1979 and 1980. The City argues that the issue of subsequent years was not raised either in the complaint or in the pre-trial order. However, the record discloses that the retirees specifically requested judgment for future years' benefits in their complaint. In addition, the pre-trial order listed as one of retirees' contentions:

> "4. Each plaintiff is entitled to recover the difference in the pensions actually paid and the pensions which should have been paid by including in the computation the additional compensation paid to members of the Police and Fire Departments under Ordinance No. 2120 aforesaid."

A pre-trial order should be liberally construed in order to ensure the trial of every lawsuit on its merits. *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73. The above-stated contention of the retirees, when construed in the fashion required by *Whisman,* does not limit the retirees' claim or desired recovery to the years 1978, 1979 and 1980. Furthermore, during the trial of this action, evidence was presented, without objection, on how the incentive bonus plan was being implemented up to the day of trial. From the issues framed by the complaint and the pre-trial order, and the evidence which was taken on all of those issues, there was no error in the trial court's award of damages.

 Finally, the City's brief contains an argument that Ordinance No. 2120 was intended to be an incentive bonus program, and therefore, any payments under the program are not to be used when computing the retirees' pension benefits. However, regardless of the program's intended purpose, it was administered in such a fashion that it became nothing more than a longevity pay plan. Therefore, the trial court's determination that the plan's application made it a longevity pay plan and that any payments under the plan, until adminis-

tered properly, should be used to compute pension benefits, was not erroneous.

Affirmed.

STATON, P.J., and GARRARD, J., concur.