Lee A. **COULSON** and Beverly K. **Coulson**, Appellants (Defendants Below),

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 1–785A181.**

Court of Appeals of Indiana,
First District.

Feb. 13, 1986.
Rehearing Denied March 12, 1986.

---

Max E. Goodwin, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, Ramsey & Black, Vincennes, for appellants.

Linley E. Pearson, Atty. Gen., David A. Nowak, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Defendants-appellants Lee and Beverly Coulson (Coulsons) appeal from an order of appropriation of real estate entered by the Knox Circuit Court in favor of plaintiff-appellee State of Indiana (State).

We reverse.

In 1981, the State brought a condemnation action against the Coulsons to appropriate property needed for the replacement of a bridge on State Road 54 over Little Turtle Creek in Sullivan County, Indiana. The State sought to acquire the fee simple title to .898 acre of the Coulsons' land and also sought to appropriate a temporary easement over .712 acre of the Coulsons' property. The Coulsons objected to the State taking any portion of their real estate for the following reasons: the proposed appropriation was part of a plan to abandon State Road 54 as a state highway; the proposed taking was not for a proper public purpose; the residue of the Coulsons' property would not be benefitted by the taking; there was no good faith offer to purchase; the highway department had unlawfully and arbitrarily adopted the order describing the real estate sought to be acquired by it. A trial was held, and the court sustained the Coulsons' objections and entered a final judgment for the Coulsons against the State.

In 1983, the State brought a second condemnation action against the Coulsons involving the same bridge construction project as that proposed in the 1981 action. The State sought to acquire the fee simple title to .846 acre of the Coulsons' land and also sought to appropriate a temporary easement over .770 acre of the Coulsons' property. Apart from the difference in acreage, the description of the property to be taken in the 1983 condemnation proceeding was identical to the description in the 1981 complaint. The Coulsons renewed their objections filed in 1981, and they also asserted that the 1983 condemnation action was barred by the doctrines of res judicata and collateral estoppel. The trial court entered an order overruling the Coulsons' objections, appropriating the property described in the State's complaint, and appointing appraisers.

One issue is dispositive of this appeal: whether res judicata applies to bar the 1983 condemnation action brought by the State against the Coulsons.

Two distinct branches comprise the doctrine of res judicata. One branch, issue preclusion, applies where a particular fact or question which has been determined and adjudicated in a former suit is again put in issue in a subsequent suit. *Town of Flora v. Indiana Service Corp.*, (1944) 222 Ind. 253, 53 N.E.2d 161; *In re Marriage of Moser*, (1984) Ind.App., 469 N.E.2d 762. The second branch, claim preclusion, applies where there has been a final judgment on the merits, which acts as a complete bar to a subsequent action on the same claim between the same parties or those in privity with them. *Id.* The claim preclusion branch of res judicata is applicable in the instant case.

Under the doctrine of claim preclusion, a judgment precludes a second action founded on the same or a substantially identical cause of action. *Middelkamp v. Hanewich*, (1977) 173 Ind.App. 571, 364 N.E.2d 1024. A comparison of the 1981 and 1983 condemnation proceedings reveals that the cases were substantially identical. The parties were the same in each action. The State alleged the same purpose for its appropriation, and the Coulsons raised identical objections in each case. The total area to be taken, in fee simple and as an easement, was 1.610 acres in 1981 and 1.616 acres in 1983; thus the combined acreage which the State sought to condemn differed in amount by only .006 acre. The description of the property to be taken was otherwise identical in each proceeding.

According to the State, the difference in the amount of land sought to be appropriated necessarily created a new claim and a new cause of action. The State relies upon *Town of Flora v. Indiana Service Corp.*, *supra*, as authority for the proposition that its 1983 complaint states a different cause of action from the 1981 suit. The State's reliance is misplaced. In *Town of Flora*, the town trustees sought without success to appropriate a portion of the electric utility property of Indiana Service Corporation.

Subsequently, the town trustees instituted a new action in condemnation to appropriate all the electric utility property. The change in the amount of property to be taken was substantial. *Town of Flora* does not stand for the proposition that an insignificant change in the area sought to be appropriated will create a new cause of action which will not be barred by the doctrine of claim preclusion.

The State contends that claim preclusion does not apply because there was a change in circumstances between the entry of judgment in the first action and the filing of the second suit. However, a review of the record discloses that there was no change in the purpose for the appropriation, the safety of the existing bridge, the life expectancy of the existing bridge, the studies done to determine the need for a different bridge or the location of the bridge. The allegation of a change in circumstances is without evidentiary support.

The claim preclusion branch of res judicata operated to bar the instant condemnation proceeding. The order of appropriation is reversed.

Judgment reversed.

RATLIFF and NEAL, JJ., concur.