Deloris ARTUSI, et al., Appellants
(Plaintiffs Below),

v.

CITY OF MISHAWAKA, et al.,
Appellees (Defendants Below).

No. 71A04–8707–CV–212.

Court of Appeals of Indiana,
Fourth District.

March 2, 1988.
As Amended on Denial of Rehearing,
May 9, 1988.

Timothy W. Woods, South Bend, for appellants.

John P. Gourley, James J. Olson, Mishawaka, for appellees.

CONOVER, Judge.

Plaintiffs–Appellants Deloris Artusi, et al. (retirees) appeal the St. Joseph Circuit Court's 1987 modification of a declaratory judgment it rendered in 1983 in an action filed by retired Mishawaka policemen, firemen, their widows and dependents. Defendants-appellees City of Mishawaka, et al. (Mishawaka) in turn appeal the award of pre-judgment interest in a subsequent mandamus action filed by retirees against Mishawaka to force payment of additional benefits to retirees as required by the earlier Circuit Court judgment.

Retirees present the following issue:

whether the trial court can change the substance of a judgment more than three years after its entry and affirmation on appeal.

Mishawaka presents the following issue:

whether the trial court erred by awarding pre-judgment interest in the mandamus action.

For the reasons stated below, we reverse both courts.

Retirees filed a declaratory judgment action in 1980 seeking a declaration of rights as to whether additional pension benefits were owing to them from Mishawaka. After trial, the St. Joseph Circuit Court on December 6, 1983, entered findings of fact and conclusions of law which determined the method by which Mishawaka was to calculate monthly pension payments to retirees. The court determined Mishawaka was to consider wages paid to first class patrolmen based upon length of service in addition to their base salaries when computing monthly benefits to be paid retirees, so long as Mishawaka's incentive bonus program was administered by it as a longevity pay program. As part of its conclusions the trial court stated:

.　　.　　.　　.　　.

3. The defendants should recompute pensions paid to the plaintiffs for the years 1978, 1979 and 1980 the recomputation to be based on the monthly wages received by fully paid first grade [patrolmen] including pay based on length of service.

4. The plaintiffs are entitled to judgment against the defendants for the difference between the pensions paid them and the pensions due them as determined by the recomputation.

Hereafter the pensions to be computed and paid to the plaintiffs shall be computed and paid on the basis of monthly wage paid to a fully paid first grade patrolman including pay based on length of service. (R. 66–67).

Mishawaka appealed this judgment and in December, 1985, the trial court was affirmed in *City of Mishawaka v. Squadroni* (1985), Ind.App., 486 N.E.2d 1088. Mishawaka's petition to transfer the case to the Supreme Court was denied.

When Mishawaka failed to comply with the trial court's judgment, retirees filed a mandamus action in the St. Joseph Superior Court on June 9, 1986, to compel Mishawaka's compliance with the Circuit Court's prior declaratory judgment. Thereafter, on August 20, 1986, the parties also jointly filed in the Circuit Court a Motion to Clarify the Circuit Court's 1983 judgment purportedly under the authority of Ind. Rules of Procedure, Trial Rule 60(A). On January 23, 1987, the Circuit Court entered an order which it said "clarified, modified and amended" its 1983 declaratory judgment. The court therein determined Mishawaka had begun properly administering the incentive bonus program on April 1, 1981, and thereafter did so until the declaratory judgment trial began on December 8, 1982. It further determined incentive bonus payments made to first class patrolmen from April 1, 1981, until the time of trial on December 8, 1982, and in the future, so long as the incentive bonus program is properly administered "are not to be included in calculating the pension payments due to the [retirees]." (R. 95).

The St. Joseph Superior Court in the mandate action followed the Circuit Court's "clarification" order, but also entered an order requiring Mishawaka to pay pre-judgment and post-judgment interest to retirees for the years 1978, 1979, 1980 and to March, 1981.

Both retirees and Mishawaka appeal.

## I.

■ The retirees first argue the St. Joseph Circuit Court had no power or authority to change the substance of its 1983 declaratory judgment, even if the parties, in essence, authorized it to do so by jointly filing their purported "Motion to Clarify" under the authority of T.R. 60(A). We agree.

■ Trial Rule 60(A) merely provides a remedy to correct by *nunc pro tunc* entry clerical errors in judgments, orders, etc., or errors arising from oversight or omission. That trial rule, however, does not constitute a license to make judicial changes in the actual law or ruling of a case. *Arsenal Savings Ass'n. v Westfield Lighting Co.* (1984), Ind.App., 471 N.E.2d 322, 326. *Nunc pro tunc* entries must be based upon written memoranda, notes, or other memorials which (1) must be found in the records of the case; (2) must be required by law to be kept; (3) must show action taken or orders or rulings made by the court; and (4) must exist in the records of the court contemporaneous with or preceding the date of the action described. *Arsenal Savings Ass'n.*, 471 N.E.2d at 326. Further, litigants cannot confer jurisdiction upon a trial court by agreement if the court is, in fact, without jurisdiction to act. *Wadkins v. Thornton* (1972), 151 Ind.App. 380, 279 N.E.2d 849, 850.

A final judgment is one which disposes of all issues as to all parties; it puts an end to the litigation. *First Fed. Savings & Loan Ass'n. v. Stone* (1984), Ind.App., 467 N.E.2d 1226, 1231. The Circuit Court's 1983 declaratory judgment was a final judgment from which an appeal was taken, see *Squadroni, supra.* Ind.Code 33–1–6–3 provides a trial court's jurisdiction over its judgments ceases after 90 days, except in certain cases not applicable here. Thus, the St. Joseph Circuit Court clearly was without jurisdiction to enter its modification order three years after entry of its declaratory judgment. *Arsenal Savings Ass'n.*, 471 N.E.2d at 325.

One of the issues before the Circuit Court during trial and this court on appeal was whether the Circuit Court's 1983 judgment should be limited to the years 1978, 1979, and 1980. That issue, raised in the first appeal by Mishawaka, was decided adversely to it. In *Squadroni*, Judge Hoffman said:

The City further contends that the trial court erred in not limiting the judgment to the years 1978, 1979, and 1980.

.    .    .    .    .

[D]uring the trial of this action, evidence was presented, without objection, on how the incentive bonus plan was being implemented *up to the day of trial.* From the issues framed by the complaint and the pre-trial order, and the

evidence which was taken on all of those issues, there was no error in the trial court's award of damages. (Emphasis supplied).

*Squadroni*, 486 N.E.2d at 1094. Thus, it is the law of this case the City of Mishawaka was administering its bonus incentive program as if it were a longevity pay program from 1978 up to at least the day trial began on December 8, 1982. There is no ambiguity on this point.

The circuit court was without jurisdiction to change or modify its 1983 judgment in that or any other regard by its attempted January 23, 1987, order. Such order is void. The parties, the trial court, and this one in this second appeal are all bound by the law of the case doctrine, *Horine v. Greencastle Production Credit Ass'n.* (1987), Ind.App., 505 N.E.2d 802, 804, and the issue preclusion doctrine of *res judicata. Coulson v. State* (1986), Ind.App., 488 N.E.2d 1154, 1156.

■ However, Mishawaka argues trial courts retain jurisdiction over their judgments, having inherent power to see they are carried into effect, citing *Wilson v. Wilson* (1976), 169 Ind.App. 530, 349 N.E.2d 277, 280; *Wabash Railroad Co. v. Todd* (1916), 186 Ind. 72, 113 N.E. 997; and *Linton v. Linton* (1975), 166 Ind.App. 409, 339 N.E.2d 96, 97, in support of that proposition. While Mishawaka's assertion is true, neither the assertion nor the cases cited in support thereof are appropriate authority applying to the circuit court's subsequent action in this case. In the cases cited, each court exercised its inherent power to carry the previous judgments into effect, none of these courts attempted to change or modify the terms of the original judgment rendered. A court has inherent power to see that its orders and judgments are carried out. *Linton*, 339 N.E.2d at 97. Each acted under its inherent power only to carry its previous judgment into effect to make it binding and operative. *Wilson*, 349 N.E.2d at 280; *Todd*, 113 N.E. at 998. In matters concerning child support, the jurisdiction of the trial court is continuing. *Linton*, 339 N.E.2d at 97. In the instant case, the circuit court attempted to change and modi-

fy the substance of its earlier declaratory judgment three years later, an entirely different matter than the enforcement of the original judgment as rendered.

While it is true in a proper case, the declaratory judgment court may grant additional relief under IC 34–4–10–8 as the dissent suggests, the St. Joseph Circuit Court could not do so here. Its 1983 judgment was final, and its jurisdiction did not continue. *Belanger v. Local Division No. 1128, Amalgamated Ass'n. of Street, Electric Railway & Motor Coach Employes of America* (1949), 256 Wis. 274, 40 N.W.2d 504; *Oklahoma Alcoholic Beverage Control Bd. v. Central Liquor Co.* (1966), Okla., 421 P.2d 244.

■ The mandamus action was filed on June 9, 1986, and the "Motion to Clarify" was thereafter filed on August 20, 1986, in the circuit court. The superior court had jurisdiction to determine the facts as to whether Mishawaka was administering its incentive bonus plan as a longevity pay program since the date of the circuit court's earlier judgment, see IC 34–1–58–2 and IC 34–1–58–4. Two courts of coordinate jurisdiction cannot exercise jurisdiction over the same subject at the same time. When a court acquires jurisdiction of the subject matter and the persons in a particular case, it retains jurisdiction to the exclusion of other court of concurrent jurisdiction until final disposition of the case. *State ex rel. International Harvester Co. v. Allen Circuit Court* (1976), 265 Ind. 175, 352 N.E.2d 487, 489; *State ex rel. American Fletcher National Bank & Trust Co. v. Daugherty* (1972), 258 Ind. 632, 283 N.E.2d 526, 528; 7 *I.L.E.* (Courts) § 132. That the actions in the two courts are in different forms does not change the rule. *Daugherty, id.* The superior court had jurisdiction for all purposes, to the exclusion of the circuit court's grant of "additional relief."

The question of when, if ever, Mishawaka ceased operating its incentive bonus program as a longevity pay program was an issue to be decided by the Superior Court in the mandate action, not the Circuit Court.

By attempting to modify its prior 1983 judgment, the circuit court erred.

## II.

Our holding as to the circuit court requires, perforce, reversal of the superior court. Its actions in the mandamus proceeding were predicated upon the circuit court's void order of 1987. However, we choose to address Mishawaka's issues for the guidance of the superior court on re-trial of the issues in the mandamus action.

Mishawaka argues the retirees are not entitled to pre-judgment interest on the various amounts due retirees because they

(a) waived pre-judgment interest by not raising that issue in the declaratory judgment action, citing *Macken v. City of Evansville* (1977), 173 Ind.App. 60, 362 N.E.2d 202, and

(b) failed to prove they were entitled thereto, and failed to furnish to the court the data necessary to compute the amount of such interest due the retirees, citing *City of Vincennes v. McCarter* (1968), 142 Ind.App. 493, 236 N.E.2d 76. The retirees respond by arguing pre-judgment interest in a proper case such as this is recoverable "not as interest but as additional damages to accomplish full compensation," citing *Fort Wayne National Bank v. Scher* (1981), Ind.App., 419 N.E.2d 1308, 1310–1312. Thus, the retirees opine, pre-judgment interest was included in the circuit court's 1983 judgment language requiring Mishawaka to pay the retirees "the difference between the pensions paid them and the pensions due them as determined by the recomputation," as a matter of law.

### a.

■ Prior to the adoption of Trial Rule 57 in 1969, Indiana courts could only "declare rights, status, and other legal relations" in declaratory judgment actions under our Declaratory Judgments Act, IND. CODE 34–4–10–1, et seq. Executory or coercive relief could not be granted because the text of the act was broader than its title. *Brindley v. Meara* (1935), 209 Ind. 144, 198 N.E. 301, 304, 101 A.L.R. 682. However, Trial Rule 57 now provides in such actions "[a]affirmative relief shall be allowed ... when the right thereto is established." Thus, the question is whether retirees were required to pursue both a declaration of their rights and pre-judgment interest in the declaratory judgment action. We think not.

■ Our Trial Rule 57 is almost a verbatim adoption of Federal Rule 57, and the federal rule authorizes executory and coercive relief as well as a declaration of rights in such cases, *cf. Stern Co. of Washington v. George* (C.A.D.C.Cir.1958), 253 F.2d 867; *Worthington Pump & Mach. Corp. v. Douds* (D.C.N.Y.1951), 97 F.Supp. 656. Indiana courts now may grant executory or coercive relief in declaratory judgment actions in addition to determining the rights and status of the parties. *Cf. Brendanwood Neigh. Ass'n., Inc. v. Common Council* (1975), 167 Ind.App. 253, 338 N.E.2d 695; *Buell v. Budget Rent–A–Car of Indiana, Inc.* (1972), 151 Ind.App. 21, 277 N.E.2d 798, 800. However, the seeking of money damages in a declaratory judgment action is not mandatory upon those asking an Indiana court for a declaration of rights and status. While recognizing such cases would be rare indeed, the *Meara* court did recognize there would be cases where

... the parties agree upon the facts and merely submit their question of interpretation to the court for determination so that they can settle their controversies according to the decree,....

And there may be cases in which, notwithstanding executory or coercive relief could be claimed, it is made to appear that a declaratory judgment or decree will terminate the controversy between the parties without coercive relief. Such a case would seem to be within the purposes of the act,....

.    .    .    .    .

It cannot be doubted that an action for a breach of a contract, all or part of which has been the subject of a declaratory judgment, may be maintained under our regular and established procedure in the same manner that an action could be

maintained if it had not been the subject of a declaratory judgment.

*Meara,* 198 N.E. at 304, 306. Thus, with the adoption of T.R. 57's "affirmative relief" provision, trial courts can now grant such relief in declaratory judgment actions. However, parties may ask for declaratory relief only under *Meara.* They are not required to seek affirmative relief as well, but may do so at their option under T.R. 57.

The case before us is one of those rare ones in which the parties sought only a declaration of rights and status without executory or coercive relief. The parties' confusion over how to calculate pensions evidently appeared to be the only roadblock existing at the time to a peaceful settlement of this dispute. The trial court resolved the simple question of whether Mishawaka's bonus plan was, in fact, being administered as an incentive pay plan adversely to Mishawaka, but no corresponding settlement ensued.

While we do not believe the circuit court's 1983 language included pre-judgment interest as a matter of law, it was not incumbent upon retirees to raise the pre-judgment interest issue at that time. Contrary to the parties arguments, the circuit court's 1983 declaratory judgment declared the rights and status of the parties only. It was a final judgment under the Declaratory Judgment Act, but was not a money judgment, as such. When the parties thereafter failed to settle their differences among themselves based upon the circuit court's clear declaration of rights and this court's affirmance opinion on appeal, it became necessary for retirees to seek enforcement of their rights in the superior court mandamus action. Thus, the pre-judgment interest issue was properly raised for the first time in the latter forum where retirees sought damages and a mandate against Mishawaka to pay the pensions rightly due retirees. Mandamus is an appropriate vehicle for the award of damages after the right to an order of mandate has been established. *Cf.* I.C. 34-1-58-4.

b.

■ Indiana courts may grant pre-judgment interest in actions sounding both in contract and tort, *cf. Indiana Tel. Corp. v. Indiana Bell Tel. Co.* (1976), 171 Ind.App. 616, 358 N.E.2d 218; *Fort Wayne National Bank v. Scher* (1981), Ind.App., 419 N.E. 2d 1308.

■ In contract actions, where the terms of the contract make the claim ascertainable and the amount of the claim rests upon mere computation, pre-judgment interest computed from the time the principal amount was demanded or due is allowable at the permissible statutory rate, in the absence of an express contractual provision specifying the interest rate. *Indiana Tel. Corp.,* 358 N.E.2d at 229. The crucial factor in allowing such interest, however, is whether the damages were ascertainable in accordance with fixed rules of evidence and accepted standards of valuation. *Id.* Clearly, then, pre-judgment interest is a matter for pleading and proof by the plaintiff in an action where that type of relief is sought. *City of Vincennes v. McCarter* (1968), 142 Ind.App. 493, 236 N.E.2d 76, 77–78. Ordinarily, the retirees' failure to present such evidence on trial as part of their damage proof would result in a holding against them for failure of proof on that element of their damages. However, the amount of pre-judgment interest and its computation were not issues before the mandamus court when the matter was decided. The parties by agreement had removed the mechanical aspects of computation thereof as issues for proof at trial. Their parties' Memorandum of Status Conference recites, in part:

... It was agreed that the Secretaries of the Pension Boards and City Controller's Office *would calculate the additional pension payments due* for the years 1978, 1979 and 1980.

The parties disagreed as to whether interest was owing on the past-due pension payments, and it was agreed that the parties would simultaneously file briefs on that issue.... (Emphasis supplied).

(R. 130). In other words, the parties by agreement had reduced the issue of both pre and post-judgment interest to one of law rather than a mixed question of law

and fact requiring proof by retirees at trial. The sole question remaining for the mandamus court was whether under the law, the plaintiffs were entitled to one or both types of interest. If the court determined they were, determining the dollar amount thereof for each retiree was a ministerial function, and Mishawaka agreed to calculate the amount thereof in such event.[1] The law looks with favor upon litigants' actions which simplify the issues and eliminate unnecessary proof at trial. Ind.Rules of Procedure, Trial Rule 16(A).

In sum, the circuit court erred. Correspondingly, the Superior Court also erred by limiting its recomputation of retirees' benefits to March 31, 1981, in reliance upon the Circuit Court's void order of January 23, 1987.

The St. Joseph Circuit Court is reversed, and its cause remanded with instructions to expunge its order of January 23, 1987, from the record.

The St. Joseph Superior Court is reversed, and that cause is remanded for a new trial on all issues.

Costs versus appellees.

ROBERTSON, J., concurs.

GARRARD, P.J., dissents with opinion.

GARRARD, Presiding Judge, dissenting.

I dissent from the majority determination that the circuit court's order of January 23, 1987 was void for want of jurisdiction. It must be noted that the circuit court action was for a declaratory judgment.

I agree, of course, that the parties could not reach their ongoing problem by means of TR 60(A). On the other hand, it is well established that our courts will determine the nature of a motion by what it seeks to accomplish rather than by how it is captioned. *See, e.g., Phillips v. Gammon* (1919), 188 Ind. 497, 124 N.E. 699.

The statute governing actions for declaratory judgment provides in part:

Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper....

IC 34-4-10-8. This provision has been construed as referring to additional declaratory relief. *Brindley v. Meara* (1935), 209 Ind. 144, 198 N.E. 301.

Accordingly, it is my view that the statute governing declaratory judgments expressly authorized the relief requested. The trial court had jurisdiction. That continuing jurisdiction granted by the statute was not divested by commencement of the mandate action in the superior court.

Concerning the relief granted, the evidence supports the court's determination that from and after the time of the original trial the city properly administered its incentive bonus system so that such payments should have been excluded in computing pension payments.

On the other hand, the original judgment did include the determination that the bonus system in practice constituted longevity pay up until the time of trial on December 8, 1982. That decision was affirmed on appeal and the doctrine of the law of the case precluded the trial court from redetermining pension benefit amounts for the period prior to the date of the original trial on December 8, 1982. It follows that the court erred in its order of January 23, 1987 to the extent it attempted to exclude the bonus payments from the pension calculation for the period from April 1, 1981 to December 8, 1982.

Pursuant to AR 15(N) we should therefore correct the judgment of the circuit court and affirm the judgment as corrected.

It then also follows that the mandate judgment of the superior court was not based upon a void judgment.

I agree with the majority analysis concerning the propriety of pre-judgment interest.

---

**1.** While Mishawaka did not agree to make the calculations for 1981 and beyond, we believe any contention the retirees were thus required to prove the balances of pre-judgment interest due after 1980 is merely a quibble. Waiver of proof of part constitutes waiver of proof of all in this case.

The mandate order should be corrected to provide pre-judgment interest for the additional payments due to and including December 8, 1982. The judgment of the superior court should be affirmed as corrected.